603 So.2d 780 (1992)
STATE of Louisiana
v.
Vincent Paul ANDERSON.
Nos. KA 91 0735, KA 91 0736.
Court of Appeal of Louisiana, First Circuit.
June 29, 1992.
*782 Jason Lyons, Asst. Dist. Atty., Houma, for plaintiff and appellee, State.
Anthony P. Champagne, Indigent Defender, Houma, for defendant and appellant, Vincent Paul Anderson.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
The defendant, Vincent P. Anderson, was charged by bill of information with simple burglary, a violation of LSA-R.S. 14:62. The defendant pled not guilty and, after trial by jury, was found guilty as charged. The defendant was subsequently adjudicated a second felony habitual offender.[1] The trial court sentenced the defendant to twenty years at hard labor. The defendant appealed, urging seven assignments of error.
The defendant expressly abandoned assignment of error number three.
On July 14, 1990, police officers Freddie Williams and Milton Wolfe were working as security at a wedding reception in Houma, Louisiana. A woman told the officers that she saw someone inside Officer Wolfe's personal vehicle, which was parked outside of the building where the reception was being held. The officers ran outside and found the defendant in the front seat of Officer Wolfe's vehicle. Officer Wolfe noticed that the face of his car stereo was missing and several screws from the stereo were gone. The defendant was arrested and advised of his rights. The officers then searched the defendant and found the knobs to the car stereo in his pocket. Officer *783 Wolfe testified that he did not give the defendant permission to enter his vehicle.
ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO:
In his first assignment of error, the defendant contends that the trial court erred in granting the State's cause challenge of potential juror, Nellie Cato. The defendant argues that Cato would have been able to follow the law and evidence put before her.
On voir dire examination, Cato stated that she would have a problem passing judgment on the defendant because she had seen the defendant numerous times at her husband's store and that the defendant was a friend of her husband. Later, when questioned by the defense as to her being able to find the defendant guilty if the State presented evidence beyond a reasonable doubt, she responded that she thought she could. Cato also stated that she thought she could give the defendant a fair trial even with her attitude of not wanting to pass judgment. However, Cato additionally expressed that she felt sorry for the defendant, which she thought would cause a problem with her ability to serve as a juror.
In his second assignment of error, the defendant argues that the trial court erred in denying the defendant's cause challenge of potential juror, Leon St. Martin. The defendant contends that St. Martin was prejudiced and biased.
During the voir dire examination, defense counsel asked St. Martin if he had ever been drunk; and St. Martin responded that it was none of his business. When questioned as to his ability to apply the defense of being intoxicated to the point where it eliminates the possibility of having specific criminal intent, St. Martin responded that he would have a problem with it and did not think he could apply the defense. However, St. Martin was rehabilitated when he affirmed that he would be able to apply the law regardless of his personal feelings about the law.
An accused in a criminal case is constitutionally entitled to a full and complete voir dire examination and to the exercise of peremptory challenges. La. Const. Art. 1, Sec. 17. The purpose of voir dire examination is to determine prospective jurors' qualifications by testing their competency and impartiality and discovering bases for the intelligent exercise of cause and peremptory challenges. State v. Burton, 464 So.2d 421, 425 (La.App. 1st Cir.), writ denied, 468 So.2d 570 (La.1985). A challenge for cause should be granted, even when a prospective juror declares his ability to remain impartial, if the juror's responses as a whole reveal facts from which bias, prejudice, or inability to render judgment according to law may be reasonably implied. State v. Martin, 558 So.2d 654, 658 (La.App. 1st Cir.), writ denied, 564 So.2d 318 (La.1990). A refusal by the trial court to excuse a prospective juror on the ground that he is not impartial is not an abuse of discretion where, after further inquiry or instruction, he has demonstrated a willingness and ability to decide the case impartially according to the law and the evidence. State v. Copeland, 530 So.2d 526, 534 (La.1988).
The State or the defendant may challenge a juror for cause on the ground that the relationship, whether by blood, marriage, employment, friendship, or enmity, between the juror and the defendant is such that it would influence the juror in arriving at a verdict. La.C.Cr.P. art. 797(3). A trial court is accorded great discretion in determining whether to seat or reject a juror for cause, and such rulings will not be disturbed unless a review of the voir dire as a whole indicates an abuse of that discretion. State v. Martin, 558 So.2d at 658.
Based on the answers given by Cato, the trial court found that Cato's relationship with the defendant would prevent Cato from being a fair and impartial juror. A review of the voir dire examination convinces us that the trial court did not abuse his discretion in excusing Cato.
The defendant challenged prospective juror St. Martin because of his initial statements that he did not think he could find intoxication to be a defense for the defendant's *784 crime. Nonetheless, St. Martin was rehabilitated when he stated that he would be able to apply the law as given to him by the trial court. The defendant also argued that the juror was uncooperative because he told defense counsel that a question was none of his business. However, defense counsel responded: "Well, that's fine. If you don't think it is, that's fine." The trial court stated in his denial of the defendant's challenge for cause of St. Martin that the court would have stepped in, but defense counsel did not pursue this line of questioning. A review of the voir dire examination assures us that the trial court did not abuse its discretion in denying the cause challenge of St. Martin.
The defendant has shown no prejudice arising from the trial court's dismissal of Cato or from the denial of the challenge for cause of St. Martin. Thus, we find these assignments of error to be without merit.
ASSIGNMENTS OF ERROR NUMBERS FOUR AND FIVE:
The defendant contends in these assignments of error that the trial court erred in denying his motion for post-verdict judgment of acquittal and that the jury's verdict was contrary to the law and evidence.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. See La.C.Cr.P. art. 821. The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review, incorporated in Article 821, is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, LSA-R.S. 15:438 provides that the fact finder must be satisfied that the overall evidence excludes every reasonable hypothesis of innocence. State v. McLean, 525 So.2d 1251, 1255 (La.App. 1st Cir.), writ denied, 532 So.2d 130 (La.1988).
LSA-R.S. 14:62 provides, in pertinent part:
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60.
The crime of simple burglary requires a specific intent to commit either a felony or a theft at the time of the unauthorized entry. State v. Thomas, 540 So.2d 1150 (La.App. 1st Cir.1989). Specific intent is that state of mind which exists when the circumstances indicate that the offender actively desired the proscribed criminal consequences to follow his act or failure to act. LSA-R.S. 14:10(1). Specific intent may be proved by direct evidence, such as statements by a defendant, or by inference from circumstantial evidence, such as a defendant's actions or facts depicting the circumstances. State v. Johnson, 461 So.2d 1273, 1277 (La.App. 1st Cir.1984).
In the instant case, the defendant entered Officer Wolfe's vehicle without authorization. The defendant was caught inside of the car by Officers Wolfe and Williams. The glove box was open, and the face of his car stereo and several of the screws from his stereo were missing when Officer Wolfe found the defendant in his vehicle. Also, after the defendant was arrested and read his rights, the knobs to Officer Wolfe's stereo were found in the defendant's pocket.
The defendant contends that his intoxication at the time of the burglary of the vehicle prevented his formation of the specific intent to commit a theft or felony therein. Officers Wolfe and Williams testified that the defendant had been drinking but was coherent and could understand what was going on when they arrested him. They also testified that his speech was not slurred, nor did he have any problems standing. Officer John Arcement testified that the defendant smelled of alcohol and his speech seemed to be slurred. However, he stated that he was able to understand the defendant and held a conversation with him. Officer Arcement also testified that, when he was putting the defendant into the police vehicle to transport him *785 to the police station, the defendant did not have any problems walking and did not lose his balance or stumble.
Voluntary intoxication is a defense to a prosecution for simple burglary only if the circumstances indicate that it has precluded the presence of specific criminal intent. LSA-R.S. 14:15(2). When defenses which actually defeat an essential element of an offense, such as intoxication, are raised by the evidence, the State must overcome the defense by evidence which proves beyond a reasonable doubt that the mental element was present despite the alleged intoxication. State v. Guidry, 476 So.2d 500, 503 (La.App. 1st Cir.1985), writ denied, 480 So.2d 739 (La.1986).
The circumstances do not indicate that the defendant's alleged intoxication precluded the presence of the specific criminal intent required in simple burglary. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have determined that the defendant entered the vehicle with the specific intent to commit a felony or theft therein. Furthermore, there was sufficient evidence to support the defendant's conviction of simple burglary. Thus, we find these assignments of error to be without merit.
ASSIGNMENT OF ERROR NUMBER SIX:
The defendant contends in his sixth assignment of error that, due to the cumulative impact of the assignments of error argued in his brief, he was denied a fair trial and, thus, should have been granted a new trial. Having found all the assignments of error raised by the defendant to be meritless, we likewise conclude that this assignment of error has no merit.
ASSIGNMENT OF ERROR NUMBER SEVEN:
In his seventh assignment of error, the defendant argues that the trial court erred in imposing an excessive and improper sentence that amounted to cruel and unusual punishment.
The Louisiana Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La.C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (La.1990). In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1st Cir.1988).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial court has wide discretion in imposing a sentence within the statutory limits; and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1st Cir.1990).
In imposing sentence, the trial court considered the facts of the instant offense and the defendant's criminal record. The trial court expressed there would be an undue risk that during the period of a suspended sentence the defendant would commit another crime. The trial court stated that it felt that the defendant is in need of correctional treatment and that a lesser sentence would deprecate the seriousness of this offense. Considering the above, we find that the trial court adequately complied with the Article 894.1 guidelines.
We do not find this sentence to be excessive. For his conviction of simple burglary, the defendant was exposed to a maximum sentence of twelve years at hard labor. See LSA-R.S. 14:62. However, the defendant was adjudicated a second felony habitual offender and, thus, exposed to a minimum sentence of six years with or without hard labor, and a maximum sentence of twenty-four years at hard labor. See LSA-R.S. 14:62 and 15:529.1A(1). The defendant's sentence of twenty years at hard labor is within the range of possible sentences. Under these circumstances, we find no abuse of discretion by the trial court in the sentence imposed. Thus, we *786 find that this assignment of error lacks merit.
PATENT SENTENCING ERROR:
Under the authority of La.C.Cr.P. art. 920(2), this Court routinely reviews appellate records for patent error. After reviewing the record, we have discovered a patent sentencing error. Neither the minutes nor the sentencing transcript show that the trial court, in imposing this sentence, gave the defendant credit for time spent in actual custody prior to sentencing. Such an allowance of credit is mandatory. La.C.Cr.P. art. 880. Patent sentencing error occurs when the trial court fails to specify credit for time served. State v. Hall, 287 So.2d 798, 799 (La.1973); State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). Accordingly, we find patent sentencing error and amend the sentence to reflect that defendant is to be given credit for time served prior to the execution of his sentence. See La.C.Cr.P. art. 882A. Resentencing is not required; however, we remand this case and order the district court to amend the commitment and minute entry of the sentence to reflect that defendant is given credit for time served.
CONVICTION AND SENTENCE AFFIRMED AS AMENDED; REMANDED WITH ORDER.
NOTES
[1] We note three patent errors in the habitual offender bill of information. The bill states that the predicate offense was a guilty plea to simple burglary of an inhabited dwelling under docket number 182,223. This allegation was incorrect, because the defendant pled guilty to simple burglary under this docket number. However, the habitual offender bill contained the correct statutory citation, LSA-R.S. 14:62. Additionally, the bill incorrectly states that the defendant was tried and convicted of the instant offense (docket number 204,955) on March 21, 1988, when in fact he was convicted on November 15, 1990.

Also, the second felony habitual offender statute was cited as LSA-R.S. 15:529.1(1) A. The correct citation is LSA-R.S. 15:529.1A(1). Nevertheless, error in the statutory citation shall not be grounds for dismissal of an indictment or reversal of a conviction if the error or omission did not mislead the defendant to his prejudice. La.C.Cr.P. art. 464; State v. Jordan, 489 So.2d 994, 998 (La.App. 1st Cir.1986). The defendant does not allege, nor do we find, any prejudice as a result of these errors in the habitual offender bill. The defendant obviously had notice of the State's intent to seek enhancement of his sentence and the basis therefor.