|1ROBERT J. KLEES, Judge.
The court below found appellant, John M. Mamoulides, District Attorney for the Parish *835 of Jefferson (District Attorney), liable to ap-pellee, David West, Jr. (West), in the amount of $10,000.00 for wrongful arrest and detention. We reverse.
West wrote a check for $315.32 to Sears in August of 1985. The check was returned for insufficient funds. Sears notified West by letter, but he did not respond. Thereafter, Sears turned the matter over to the Jefferson Parish District Attorney’s Office.
Following normal operating procedures, the District Attorney claims that a letter was sent to West advising him that to avoid prosecution, he must remit two cashier’s checks or money orders to their office. One check was for restitution to Sears, and the other was for the District Attorney’s office as a processing fee. Neither side produced the actual letter or a copy at trial. The processing fee is authorized by statute.
West mailed a check to the District Attorney’s office for the amount due Sears, but did not send a second check for the processing fee. The District Attorney’s office claims that because the fee was not received, the check to Sears was placed in West’s file, and no further processing took place.
In June of 1989, West learned that an arrest warrant had been issued for him. He personally visited the District Attorney’s office to clear up his record. West testified that he was given the “stale” check to return to his bank, and obtained current checks for the amount due Sears and for the District Attorney’s fee. West claims that at this point, an assistant district attorney gave him a receipt for the checks and a handwritten note to West’s supervisor advising that the charges would be “directed dismissed.” West claims that the assistant district attorney told him to ignore any subpoenas that he might receive in the future pertaining to the worthless check charge. The District Attorney’s office claims that West was told that he would have to appear at the arraignment for the charges, and that the charges would be dismissed at that time. The assistant district attorney with whom West actually met is deceased.
West did not appear at the arraignment on August 25, 1989, although he was personally served twice with subpoenas. The court issued a bench warrant for his arrest. ROn November 26, 1990 the matter was again on the docket. At that time, the charges against West were dismissed, and the attachment was ordered recalled.
West was stopped for a moving violation in New Orleans on November 28, 1990. The policeman ran a computer check, found the warrant, and arrested West after verifying that the warrant was valid. He was in custody for approximately six hours.
West filed suit against John Mamoulides, as the District Attorney for the Parish of Jefferson; Charles Foti, Sheriff of Orleans Parish; the Parish of Orleans; Harry Lee, as Sheriff of Jefferson Parish; and the New Orleans Police Department. All of the parties except John Mamoulides have been dismissed.
After a trial on the merits, the court found in favor of West and against the District Attorney in the amount of $10,000.00, plus interest and costs. In his Reasons for Judgment, the judge stated:
The efforts taken by this defendant’s office to collect a fee takes this ease far out of the realm of allegedly “performing a ministerial duty” and makes the office liable for civil damages for false arrest under the doctrine of respondeat superior, for abuse of a fee collection service and for gross and wanton negligence and misuse of criminal charges.
Because we agree with the District Attorney that he is entitled to prosecutorial immunity, we reverse the decision of the trial court, and pretermit discussion of the other issues raised on appeal.
As the Louisiana Supreme Court has explained, a district attorney is a constitutional officer who serves in the judicial branch and exercises a portion of the sovereign power of the State within the district of his office. Those powers are not controlled locally, but rather by the legislature and constitution. Diaz v. Allstate Ins. Co., 433 So.2d 699, 701 (La.1983). Because a district attorney acts in a judicial or quasi-judicial capacity, he is entitled to essentially the *836 same immunity from liability for damages as a judge.
However, if a district attorney acts outside the authority or jurisdiction of his office, the rule changes. Foster v. Powdrill, 463 So.2d 891, 893 (La.App. 2d Cir.1985). To this end, this court has held that a district attorney is immune from civil liability in suits for false arrest and imprisonment based on negligence, absent allegations and proof of malice. Navarre v. Foti, 562 So.2d 1113, 1116 (La.App. 4th Cir.1990); Johnson v. Foti, 537 So.2d |3232, 235 (La.App. 4th Cir.1988), writ denied, 538 So.2d 591 (La.1989); Foster, 463 So.2d at 894.
West argues that he need not specifically plead malice because of Louisiana’s system of fact pleading. He avers that a party may be granted any relief to which he is entitled as long as the facts alleged constitute a claim. While this may be true, a mere allegation of malice is not sufficient; malice must be proved. The standard of proof required for malice is as follows:
[Mjalice does not submit readily to definition. It means something more than the fictitious “malice in law” which has been developed in defamation cases as a cloak for strict liability. There must be malice in fact. Any feeling of hatred, animosity, or ill will toward the plaintiff, of course, amounts to malice. But it is not essential to prove such ill will. Malice is found when the defendant uses the prosecution for the purpose of obtaining any private advantage, for instance, as a means to extort money, to collect a debt, to recover property, to compel performance of a contract, to “tie up the mouths” of witnesses in another action, or as an experiment to discover who might have committed the crime. Malice may be inferred from the lack of probable cause or inferred from a finding that the defendant acted in reckless disregard of the other person’s rights.
Miller v. East Baton Rouge Parish Sheriff’s Dept., 511 So.2d 446 (La.1987), writ denied, 524 So.2d 520 (La.1988).
We find no evidence that the district attorney committed malice in this case. While the actions of the district attorney’s office were clearly negligent, there is no evidence of malice in the record before us. West was not singled out for prosecution. His arrest may have been the result of sloppy record keeping, but no one in the district attorney’s office gained any private advantage, nor was there reckless disregard for West’s rights.
Accordingly, for the reasons stated above, the judgment of the trial court is reversed

REVERSED.