11MURRAY, Judge.
Issac Knapper appeals the grant of summary judgment dismissing his malicious prosecution claim against David Paddison[1].
In 1979, Mr. Knapper was indicted by an Orleans Parish grand jury for first degree murder in connection with a highly publicized attempted robbery and killing of a tourist. After indictment, the case was assigned for prosecution to Assistant District Attorney David Paddison, who obtained a conviction based primarily upon the testimony of a co-defendant and the corroborating testimony of a surviving victim. Mr. Knapper was sentenced to life imprisonment at Angola, and his conviction and sentence were affirmed on appeal. State v. Knapper, 458 So.2d 1284 (La.1984).
Mr. Knapper subsequently obtained the initial police report for the murder at issue and filed a petition for post-conviction relief, claiming that the report |2contained exeulpa- *467 tory material which should have been disclosed under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). In State v. Knapper, 579 So.2d 956, 960 (La.1991), the Louisiana Supreme Court agreed with Mr. Knapper’s contentions[2] and remanded for a new trial, specifically concluding “that the prosecution failed to disclose the [police] report to the defense.” On remand the Orleans Parish District Attorney’s office entered a nolle prosequi in the case. The dismissal form shows the recommendation was based upon inconsistencies in the police report noted by the Supreme Court as well as difficulties in obtaining witnesses. Mr. Knapper was released from Angola in late 1991 after being incarcerated for more than twelve years. He filed this suit for malicious prosecution shortly thereafter.
After answering Mr. Knapper’s Second Amending Petition, Mr. Paddison moved for a summary judgment of dismissal. The motion was granted based upon the trial court’s finding that although the criminal case was “a bad prosecution” and that “a gross injustice may have been done here,” Mr. Paddison was immune from suit for malicious prosecution under Foster v. Powdrill, 463 So.2d 891 (La.App. 2d Cir.1985). Additionally, the court indicated that since a grand jury had indicted Mr. Knapper, Mr. Paddison could not be liable. On appeal, Mr. Knapper asserts both stated grounds for dismissal are erroneous conclusions of law.
When reviewing a trial court decision granting summary judgment, appellate courts consider the evidence de novo, applying the same criteria used by trial ^courts to determine whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La. 4/11/94), 634 So.2d 1180, 1183. Thus, the appellate court must make an independent determination of whether “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law.” La.Code Civ.Proe.Ann. art. 966(B); Young v. Oberhelman, 607 So.2d 719 (La. App. 4th Cir.1992). Summary judgment must be reversed unless the reviewing court finds that the mover proved both of the following elements: (1) no genuine issues of material fact exist, and (2) the mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979); Poydras Square Associates v. Suzette’s Antique Inc., 614 So.2d 131 (La. App. 4th Cir.1993). A fact is material if its existence or nonexistence may be essential to the plaintiffs cause of action. Whitney National Bank v. Rockwell, 94-3049 (La. 10/16/95), 661 So.2d 1325. Both the evidence and all inferences drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in his favor. South Central Bell Telephone Co. v. Sewerage and Water Bd., 94-1648 & 94-1649 (La.App. 4th Cir. 3/16/95), 652 So.2d 1090, 1093, writ denied, 95-0949 (La. 5/19/95), 654 So.2d 1090.
Mr. Paddison contends summary judgment was properly granted because district attorneys are immune from suit for actions taken within the course of their duties. Although this issue of prosecutorial immunity has not been addressed by the Louisiana Supreme Court, the Second Circuit has recently held that a district attorney enjoys absolute immunity for actions taken within the scope of his or her prosecutorial duties. Connor v. Reeves, 26,419 (La.App. 2d Cir. 1/25/95), 649 So.2d 803, writ denied, 95-0771 (La. 4/28/95), 653 So.2d 601. Drawing on the U.S. Supreme Court’s analysis under 42 U.S.C. § 1983 in Buckley v. Fitzsimmons, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993), it was found “that public officers would be greatly hampered, deterred and intimidated in the discharge of their duties if they were not protected to some reasonable *468 degree from private liability for actions which are improper or exceed their authority.” Connor, 26,419 at p. 4, 649 So.2d at 805. Thus, although the plaintiff in Connor presented documentary evidence which purportedly showed there was no legal basis for the charges brought by the defendant district attorney, the dismissal of the suit on summary judgment was affirmed.
However, this court has long held that malicious prosecution is an exception to the quasi-judicial immunity afforded to district attorneys and members of their staffs. West v. Foti, 94-2139, p. 2-3 (La.App. 4th Cir. 4/26/95), 654 So.2d 834, 836, writ denied, 95-1333 (La. 9/1/95), 658 So.2d 1267; Dean v. Nunez, 534 So.2d 1282, 1294 (La.App. 4th Cir.1988) (on reh’g), reversed on other grounds, 536 So.2d 1203 (La.1989), on remand, 541 So.2d 260 (La.App. 4th Cir.1989), writ denied, 541 So.2d 1386 (La.1989); Crier v. New Orleans, 365 So.2d 35, 36 (La.App. 4th Cir.1978). While prosecutors are protected against claims for mere negligence, such as the “sloppy record keeping” seen in West, 94-2139 at p. 3, 654 So.2d at 836, they may still be held accountable for actions taken for private advantage or in reckless disregard of the rights of others, Miller v. East Baton Rouge Parish Sheriffs Dept., 511 So.2d 446, 453 (La.1987). Therefore, absent a definitive ruling by our Supreme Court, we decline to overrule this court’s longstanding precedents and thus extend absolute immunity to prosecutors.
|sMr. Paddison contends that, even if he is not protected from suit by prosecutorial immunity, summary judgment was properly granted because Mr. Knapper cannot prove all essential elements of his claim as set forth in Miller, 511 So.2d at 452. First, he asserts that since his affidavit establishes that a grand jury indicted Mr. Knapper at the behest of another assistant district attorney and that he “did not have the power ... to refuse to prosecute an individual assigned to him for prosecution,” it cannot be proven that he was the legal cause of the criminal proceedings or that probable cause for that proceeding was lacking.
We find, however, that Mr. Paddison’s reliance on another prosecutor’s presentation and the subsequent grand jury indictment is not justified. Our courts have rejected a presumption of probable cause based upon indictment, Parks v. Winnfield Life Ins. Co., 336 So.2d 1021, 1029 (La.App. 3d Cir.), writ refused, 339 So.2d 351 (La.1976), or even based upon a conviction on the allegedly baseless criminal charges, Jones v. Soileau, 448 So.2d 1268,1272 (La.1984).
Moreover, it is unknown when the critical police report was prepared or made available to the District Attorney’s office[3], so it cannot be inferred that the indictment was returned despite the exculpatory information and inconsistencies noted by the Supreme Court. Even if Mr. Paddison received the police report after the indictment, a jury could find there was no longer any probable cause to continue the prosecution because the totality of the evidence was insufficient “to justify a man of average caution in the belief that the person (charged) has committed ... an offense,” Miller, 511 So.2d at 452. Furthermore, Mr. Paddison’s assertion that he had no choice but to bring Mr. Knapper to trial once |f,an indictment had been returned is contradicted by the later recommendation of another Assistant District Attorney to dismiss the prosecution.[4]
Mr. Paddison next asserts that since a failure to disclose Brady material is, as a matter of law, insufficient evidence of malice, a summary judgment of dismissal is appropriate. While this court may agree that a Brady violation alone does not constitute malicious conduct, the facts established *469 here arguably could support a jury’s finding of malice based upon a reckless disregard of Mr. Knapper’s rights. For instance, notwithstanding the inconsistencies indicated in the police report, Mr. Paddison’s closing argument to the criminal jury emphasized the surviving victim’s corroboration of the co-defendant’s testimony. State v. Knapper, 579 So.2d at 958. Additionally, since the Supreme Court determined that the police report was not disclosed to Mir. Knapper’s defense counsel but Mr. Paddison insists he permitted counsel to review his file, a question is raised as to whether the police report was intentionally concealed rather than merely overlooked. In this regard we note that malice and intent are subjective facts which are rarely proper for summary determination. Penalber v. Blount, 550 So.2d 577, 588 (La.1989); Roberts v. Orpheum Corp., 630 So.2d 914, 916 (La.App. 4th Cir.1993).
Since Mr. Knapper is given the benefit of all reasonable inferences, the essential elements of his claim have not been negated by the evidence submitted. Material factual issues remain which must be determined at trial, precluding the 17grant of summary judgment. The trial court’s judgment is therefore reversed and the matter is remanded for further proceedings.
REVERSED AND REMANDED.
LOBRANO, J., concurs.

. Only defendant David Paddison moved for summary judgment; Mr. Knapper’s claim against Mr. Connick is not at issue in this appeal.

. The police report showed that the surviving witness’ initial description of the perpetrator's clothing did not corroborate the co-defendant’s description, as Mr. Paddison had argued to the jury. More importantly, evidence showed that the gun used to kill Mr. Knapper’s alleged victim had been used just one week later in a very similar tourist robbery for which three men with no connection to Mr. Knapper had been arrested. Through one of the three men the police learned the gun had allegedly been hidden away for months, unavailable to Mr. Knapper.

. In considering Mr. Knapper's claim for post-conviction relief, a question was noted as to "whether the (police) report was in the (D.A.’s) file at the time the prosecutor made it available” to defense counsel for review, as alleged by Mr. Paddison. State v. Knapper, 579 So.2d at 959.

. While this recommendation suggests that Mr. Paddison had similar authority to recommend a dismissal, we reject Mr. Knapper's argument that the later dismissal necessarily establishes that Mr. Paddison should have dismissed the 1979 prosecution; the 1991 action was based upon problems in locating witnesses as well as the evidentiary problems detailed by the Supreme Court.