JiDECUIR, Judge.
The defendant, Roger White, Jr., was convicted of two counts of simple burglary, in violation of La.R.S. 14:62. Subsequently, the defendant was adjudicated a second felony offender under the habitual offender law and sentenced to twenty-four years on each count, to run consecutively.
FACTS
On November 9,1994, D.M. Riddle reported to the Avoyelles Parish Sheriffs Office that a burglary had occurred at his residence. Riddle advised the officers he had gone to Louisiana Downs Race Track on the morning of November 7, 1994. Upon his return to his residence, Riddle noticed his .357 revolver was missing from his nightstand. He later noticed his desk had been broken into and $9,000.00 was missing. He testified he and his wife occupied the residence and that the backdoor had been broken.
|2Joey Guillot, a fifteen-year-old juvenile related to the defendant, testified he had gone hunting with the defendant and, at the defendant’s request, he entered and burglarized the Riddle residence. He further testified his share for the burglary was $500.00.
On December 2, 1994, officers from the Avoyelles Parish Sheriffs Office responded to the residence of Mae Baudin in reference *378 to a residential burglary. Baudin testified he lives in Marksville, Louisiana with his wife and daughter. The day after the burglary, Mr. Baudin discovered that $18,400.00 in cash had been taken from a closet.
Mr. Baudin testified that he hired Jessica Guillot as a babysitter and she worked at his home until July of 1994. A taped statement given by the defendant was played to the jury in which he admitted his participation in the burglary. In the statement, the defendant recounted that he had been told by Jessica Guillot that she had discovered a large amount of cash in a closet. She provided the defendant with a layout of the home. The defendant then secured the services of Daniel Carmouche, Jr. and William Hebert. Carmouche entered the residence while Hebert stood guard. The residence was occupied at the time by Baudin, his wife, and his handicapped daughter. During the burglary, defendant went fishing in order to establish an alibi. The defendant received $12,000.00 as his share.
ERRORS PATENT
After reviewing the record, we find one error patent. The trial court did not specify whether or not the defendant’s sentences were to be served at hard labor. The penalty provision for simple burglary provides for a sentence with or without hard labor. Thus, the sentence is indeterminate, and we remand the case to the trial court to specify whether or not it is to be served at hard labor.
JsCONSECUTIVENESS OF SENTENCES
By this assignment, defendant alleges the trial court erred in ordering the sentences to be served consecutively. We find no error in the trial court’s imposition of consecutive sentences.
Defendant argues the facts of the present case show a common scheme or plan because the two burglaries were less than a month apart, the primary target was a large amount of cash in the residences of the victims, and the defendant involved members of the same family in the two burglaries, namely Jody Guillot in the Riddle burglary and Jessica Guillot in the Baudin burglary.
La.Code Crim.P. art. 883 provides:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the ease of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
In the present case, the two crimes are totally distinct from one another. The first offense, the Riddle burglary, involved a juvenile, Joey Guillot. The offense occurred on November 9, 1994, and occurred during the daytime. Based upon the record, this offense occurred spontaneously. Although a large amount of money was removed during the crime, as in the Baudin burglary, there is no connection between the two burglaries.
The Baudin burglary occurred on December 2, 1994, almost a month from the commission of the first offense, and involved a detailed and planned conspiracy in which the defendant obtained information from Jessica Guillot and then obtained the services of Daniel Carmouche, Jr. and William Hebert. In the Baudin burglary, the defendant went fishing in order to establish an alibi.
pThe two offenses are not part of the same transaction or part of a common scheme or plan. The offenses involved different victims, and the first offense occurred on the spur of the moment whereas the second offense involved a conspiracy. Additionally, the offenses occurred almost one month apart and appear sufficiently separate and distinct to justify consecutive sentences. See State v. Davis, 528 So.2d 615 (La.App. 2 Cir.), writ denied, 531 So.2d 472 (La.1988), 542 So.2d 4 (La.1989); State v. Pruitt, 474 So.2d 491 (La.App. 4 Cir.1985). Accordingly, this assignment of error lacks merit.
*379 EXCESSIVENESS OF SENTENCES
Assignments of error number one and three present identical issues and, therefore, will be consolidated. By his first assignment of error, defendant contends the trial court erred in that the two twenty-four year consecutive terms of imprisonment are excessive. In his third assignment of error, defendant contends the trial court erred in sentencing defendant to two consecutive sentences and applying the habitual offender statute resulting in the sentences exceeding the maximum sentences allowed by law. The defendant was found guilty of two counts of simple burglary. The penalty provided by law is a term of imprisonment with or without hard labor for not more than twelve years, or not more than two thousand dollars, or both. La.R.S. 14:62. In addition, because the defendant was adjudged a second offender, the habitual offender law under La.R.S. 15:529.1 was applicable.
The penalty for a second offender convicted of simple burglary is a mandated prison term of not less than six years and not more than twenty-four years, and a fine of not more than two thousand dollars. La.R.S. 15:529.1. It is evident that the two twenty-four year sentences imposed on the defendant are legal and within the statutory range, thus, defendant’s assertion that his sentences exceed the maximum sentence allowed by law is meritless. However, we recognize that even a sentence which falls | Bwithin statutory limits may violate a defendant’s right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979).
Defendant also contends, in essence, his sentences were excessive because they were not individualized with respect to him. Under La.Code Crim.P. art. 894.1, a trial court in sentencing a defendant must state for the record those circumstances taken into account as well as the factual basis for the sentence imposed. State v. MacDonald, 390 So.2d 1276 (La.1980). The sentencing court, however, is not required to articulate every factor provided in La.Code Crim.P. art. 894.1 so long as the record reflects these factors were considered in particularizing the sentence of the defendant. State v. Morgan, 428 So.2d 1215 (La.App. 3 Cir.1983), writ denied, 433 So.2d 166.
The Louisiana Supreme Court has held that the lack of compliance with the sentencing guidelines does not necessarily require sentences be set aside if the record otherwise clearly illumines the trial court’s sentencing choice and demonstrates the sentence is not arbitrary or excessive. State v. Martin, 400 So.2d 1063, on rehearing, 400 So.2d 1074 (La.1981). The record clearly reflects that the trial court considered the sentencing guidelines in particularizing defendant’s sentences. The trial judge stated for the record the circumstances he took into account and their factual basis in imposing sentence on the defendant.
The trial court has wide discretion in imposing sentence, and a sentence imposed within statutory limits will not be deemed constitutionally excessive absent manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
Focusing on the constitutional claim advanced by the defendant, the jurisprudence suggests that the defendant’s individual sentences are neither shocking nor grossly disproportionate to the severity of the crimes committed. See State v. Anderson, 603 So.2d 780 (La.App. 1 Cir.1992) (holding that twenty years was not excessive for second felony offender convicted of simple burglary), writ granted in 6part and denied in part, 609 So.2d 831 (La.1992) (requiring an “articulated justification for the near-maximum sentence”); State v. Sanders, 542 So.2d 1134 (La.App. 3 Cir.1989) (holding that eighteen years for a second offender convicted of simple burglary was not excessive); State v. Jones, 537 So.2d 848 (La.App. 5 Cir.1989) (holding that fifteen years for a second offender convicted of simple burglary was “clearly, not excessive”). The jurisprudence does, however, indicate that this is at the extreme limit and, interestingly, the state co.uld cite no other factually similar ease in support of a twenty-four year sentence for the offense of which the defendant was convicted.
Despite the fact that individual sentences appear to be legally sound, their *380 combined effect may make them disproportionate to the crimes committed. See State v. Kennerson, 96-1518 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367. The facts of the case indicate that: the crimes were simple burglaries, the defendant did not personally enter the victims’ homes, there is no evidence that the burglars were armed, and the burglars did not manifest a violent intent or act toward the victims. Although the defendant is clearly on his way to becoming a career thief and burglar, which we in no way intend to condone or minimize, he does not have a violent history. Moreover, this court notes that, at the time of sentencing, the defendant was twenty years old. Therefore, the forty-eight year combined sentence will effectively span the remainder of his life, although parole is available to the defendant after the completion of one half of his sentence.
In State v. Soraparu, 93-1636, pp. 7-8 (La.App. 4 Cir. 1/19/95), 649 So.2d 1100, 1104, the fourth circuit stated:
Article I, § 20 of the Louisiana Constitution (West 1977) provides that “[n]o law shall subject any person ... to cruel, excessive or unusual punishment.” A sentence within the statutory limit is considered excessive and unconstitutional if it is “grossly out of proportion to the severity of the crime” or is “nothing more than the purposeless imposition of pain and suffering.” Generally, a reviewing |7court must determine whether the trial court adequately complied with the sentencing guidelines set forth in La.Code Crim.Proc. Ann. art. 894.1 (West 1984) and whether the sentence is warranted in light of the particular circumstances of the case.
The trial court has great discretion in sentencing within the statutory limits. State v. Trahan, 425 So.2d 1222 (La.1983). A sentence should not be set aside in the absence of a manifest abuse of discretion. State v. Washington, 414 So.2d 313 (La.1982). Further, each case must be decided on its own facts. State v. Humphrey, 445 So.2d 1155 (La.1984).
(Citations omitted.)
Having reviewed the aggravating factors that the trial court stated in its reasons for sentence, this court is of the opinion that a forty-eight year combined sentence is not proportionate to the crimes committed and constitutes a manifest abuse of discretion on the part of the trial court. Certainly, the defendant deserves long sentences. The PSI reflects that the defendant received a short-term sentence for similar offenses that did not dissuade him from continuing his criminal activity. However, in reviewing the defendant’s sentences, this court must ask whether a non-violent, small-time thief should be incarcerated for what is effectively the rest of his life. Maximum sentences are reserved for the most egregious and blameworthy of offenders. State v. Pyke, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. The facts of this case do not establish that the defendant is the worst kind of offender in order to justify the imposition of two maximum consecutive sentences and, as such, the sentence is grossly out of proportion to the severity of the crime and amounts to nothing more than the purposeless imposition of pain and suffering. Under the circumstances of this case, shorter sentences to run consecutively or concurrent sentences would be more appropriate. La.Code Crim.P. Art. 881.4.
I gCONCLUSION
For the foregoing reasons defendant’s convictions are affirmed. Defendant’s sentences are reversed and the case is remanded to the trial court for resentencing in conformity with this opinion.
CONVICTION AFFIRMED; SENTENCES REVERSED AND REMANDED.