853 So.2d 67 (2003)
STATE of Louisiana
v.
Darryl D. PARKER.
No. 03-KA-288.
Court of Appeal of Louisiana, Fifth Circuit.
July 29, 2003.
*68 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Assistant District Attorney, Gretna, LA, for State.
Bruce G. Whittaker, New Orleans, LA, for defendant-appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
The Defendant, Darryl D. Parker, was charged with one count of simple burglary by bill of information on November 9, 1999. He pled not guilty and a jury trial was held on April 26, 2000. The six-person jury found the defendant guilty as charged. On May 8, 2000, the trial court sentenced defendant to twelve years imprisonment at hard labor, to run consecutively with any other sentence that defendant may be serving. On the day of sentencing, the state filed a multiple offender bill of information alleging that the defendant was a third felony offender. The defendant denied the allegations of the multiple offender bill and a hearing was held on October 5, 2000. The trial court found the defendant to be a third felony offender. The trial court then vacated the previous sentence and sentenced the defendant to life imprisonment without the benefit of parole, probation or suspension of sentence.
Defendant filed a motion to reconsider sentence and a motion for appeal on October 12, 2000. The trial court minute entry for December 7, 2000, reflects that neither the defendant, nor his counsel, appeared for the motion hearing so it was continued without date. At that time, the defendant's appeal addressed only one assignment of error which was that the May 8, 2000 sentence was unconstitutionally excessive. This Court rendered an opinion on that appeal on January 31, 2001. State v. Parker, 00-1365 (La.App. 5 Cir. 1/30/01), 778 So.2d 1167, writ denied, 01-615 (La.2/22/02), 809 So.2d 981. This Court noted that the May 8, 2000 sentence had been vacated and defendant had been resentenced as a multiple offender. Since the defendant's sole assignment of error was that he had received an excessive sentence for his simple burglary conviction, and that sentence had been vacated, this Court found that the appeal was moot.
On August 21, 2001, defendant filed a motion to correct an illegal sentence, arguing that he should have been found to be a second felony offender and not a third felony offender. A hearing on the motion was held and the State agreed with the defendant that the use of the defendant's prior violation of LSA-R.S. 14:95.1 to enhance the sentence was erroneous. The State agreed that the defendant should be resentenced as a second felony offender, rather than a third felony offender. Counsel for the defendant agreed and stipulated that the defendant had one prior felony conviction. As a result, the trial court vacated the previous life imprisonment sentence and sentenced defendant to 12 years at hard labor. The defendant orally moved that the trial court reconsider the sentence, which was denied.

*69 ASSIGNMENT OF ERROR NUMBER ONE

Defendant argues that the trial court imposed an excessive multiple offender sentence. He contends he received a sentence of 12 years at hard labor for the routine burglary of an automobile in which the vehicle sustained damage but nothing was taken.
The record shows no evidence that defendant filed a written motion to reconsider sentence under the provisions of LSA-C.Cr.P. art. 881.1. Defendant made an oral objection to the sentence at the time of sentencing and moved for reconsideration, but those objections were not specific enough to satisfy the requirements of the article. The failure to file a motion to reconsider sentence, or to state specific grounds upon which the motion is based, limits a defendant to a bare review of the sentence for constitutional excessiveness. State v. Hester, 99-426, p. 10 (La.App. 5 Cir. 9/28/99), 746 So.2d 95, 103, writ denied, 99-3217 (La.4/20/00), 760 So.2d 342). Accordingly, defendant's sentence is examined only for constitutional excessiveness.
A sentence is constitutionally excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839. Trial judges are granted great discretion in imposing sentences and sentences will not be set aside as excessive absent clear abuse of that broad discretion. State v. Bacuzzi, 97-573 (La.App. 5 Cir. 1/27/98), 708 So.2d 1065, 1068-1069. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. State v. Watts, 99-311 (La.App. 5 Cir. 8/31/99), 746 So.2d 58, 64, writ denied, 99-2733 (La.3/24/00), 758 So.2d 145. We will further consider three factors in reviewing a judge's sentencing discretion: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Slang, 94-332 (La.App. 5 Cir. 11/16/94), 646 So.2d 1037, 1040-1041.
In the instant case, defendant was convicted of simple burglary in violation of LSA-R.S. 14:62 and originally sentenced to imprisonment at hard labor for 12 years. Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both. LSA-R.S. 14:62(B). The trial court found defendant to be a third felony offender, vacated the original sentence, and sentenced defendant to life imprisonment at hard labor. The trial court subsequently granted defendant's motion to correct illegal sentence, found defendant to be a second felony offender, vacated the life sentence, and sentenced defendant to 12 years of imprisonment at hard labor. He did not provide reasons for sentencing, although the defendant does not challenge this on appeal. Defendant challenges his 12-year enhanced sentence as excessive.
LSA-R.S. 15:529.1A(1)(a) provides as follows:
If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction[.]
*70 In light of the foregoing, defendant, as a second offender, was exposed to a minimum sentence of six years and a maximum sentence of 24 years.
The jurisprudence suggests that defendant's 12-year sentence is neither shocking nor grossly disproportionate to the severity of the crime committed. See, State v. Battie, 98-1296 (La.App. 5 Cir. 5/19/99), 735 So.2d 844, 856, writ denied, 99-1785 (La.11/24/99), 750 So.2d 980 (holding that a six-year sentence as a second felony offender was not excessive for a defendant convicted of simple burglary); State v. Anderson, 603 So.2d 780, 785 (La.App. 1 Cir.1992) (holding that 20 years was not excessive for second felony offender convicted of simple burglary), writ granted in part and denied in part, 609 So.2d 831 (La.1992) (requiring an "articulated justification for the near-maximum sentence"); State v. Sanders, 542 So.2d 1134, 1138 (La.App. 3 Cir.1989) (holding that 18 years for a second offender convicted of simple burglary was not excessive); State v. Jones, 537 So.2d 848, 850 (La.App. 5 Cir. 1989) (holding that 15 years for a second offender convicted of simple burglary was "clearly not excessive").
In the instant case, defendant argues that his sentence was excessive considering that he committed a routine burglary of an automobile in which the vehicle sustained damage but nothing was taken. However, it is noted that defendant's 12-year sentence was at the lower end of the sentencing range, and that he could have received up to 24 years of imprisonment. Additionally, defendant had a prior conviction in 1986 for simple robbery. In light of the facts and circumstances of this case and the above-cited jurisprudence, we find that the sentence is not excessive and that the trial judge did not abuse his discretion in imposing the sentence.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals errors patent in this case.
Defendant's motion for appeal was premature when it was filed after he was convicted, originally sentenced, resentenced the first time under the multiple offender statute, but before he was resentenced the second time as a multiple offender. However, this procedural defect was cured by the subsequent resentencing. State v. Balser, 96-443 (La.App. 5 Cir. 11/14/96), 694 So.2d 351, 354.
A multiple offender bill of information was filed against defendant. When a multiple offender bill of information is filed, LSA-R.S. 15:529.1D(1)(a) provides that the trial court shall order the defendant to appear before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law, and shall require the offender to say whether the allegations are true. The statute also requires that the court advise the defendant of his right to remain silent.
In the instant case, the trial court failed to advise defendant of his multiple bill rights on the record. However, in State v. Dearmas, 606 So.2d 567, 569 (La.App. 5 Cir.1992), overruled on other grounds in State v. Davis, 01-123 (La, App. 5 Cir. 7/30/01), 792 So.2d 126, 131, this Court held that the failure of the trial court to advise the defendant of his right to a trial and to remain silent was harmless error where the multiple offender status was established by competent evidence offered by the State at the hearing, rather than by admission of the defendant.
In the instant case, defendant denied the allegations of the multiple bill, and the *71 State presented competent evidence at a hearing to establish defendant's multiple offender status.
At the hearing on the motion to correct illegal sentence, held after the multiple offender hearing, defendant stipulated to a prior felony conviction. However, the court did not advise defendant of his rights pursuant to LSA-R.S. 15:529.1(D) before he did so. Such failure to advise defendant of these rights may constitute reversible error. State v. Dearmas, supra. However, the State had already proved at the multiple offender hearing that defendant had two prior convictions, and that even though one prior conviction was dropped, the other conviction remained the same. Based on these circumstances, we find that the failure to advise defendant of his multiple offender rights at the hearing on the motion to correct illegal sentence was harmless error. State v. Knight, 01-881 (La.App. 5 Cir 2/13/02), 811 So.2d 947, 949.
In accordance with the above, we affirm the defendant's adjudication as a second felony offender and the defendant's sentence of 12 years imprisonment.
AFFIRMED.