MURPHY, J.
| iDefendant, Shondrell Campbell, appeals her sentence following a conviction for issuing worthless checks.[1] Defendant’s conviction and sentence are affirmed.
FACTS AND PROCEDURAL HISTORY
This case comes before us for the third time on appeal. In defendant’s first appeal, we affirmed her conviction for one count of issuing worthless checks, in violation of La. R.S. 14:71.C, vacated defendant’s sentence, and remanded the matter for resentencing. State v. Campbell, 13-130 (La.App. 5 Cir. 10/30/13), 128 So.3d 1137. In defendant’s second appeal, we again affirmed her conviction, vacated the sentence, and remanded to the trial court for resentencing[2] in accordance with La. C.Cr.P. art. 895.1. State v. Campbell, 15-98 (La.App. 5 Cir. 09/15/15), 173 So.3d 1256.
On December 16, 2015, following remand after defendant’s second appeal, the trial court sentenced defendant to a suspended 24-month sentence with the Department of Corrections, two years of active probation, 480 hours of community service, and also ordered defendant to complete a three-hour accounting course. She was given credit for all the time served in Louisiana correctional facilities. Defendant was ordered to pay a fine in the amount of $500.00, $314.50 in court costs, and total restitution in the amount of $10,975.00, with a credit of $2,349.00. The trial court also imposed a $15.00 per check charge pursuant to La. R.S. 14:71, for a total of $45.00. Defendant was ordered to pay $100.00 per month until all restitution was paid. This timely appeal followed.
| .ASSIGNMENTS OF ERROR
Defendant raises five assignments of error in which she argues, in summary, that the trial court erred in imposing certain fees and court costs, as well as ordering her to appear in open court to make restitution payments, and in also failing to give her credit for time served.
LAW AND ANALYSIS
The record in this matter demonstrates that defendant did not object to the sentence imposed, either on the date of resentencing or by way of a timely filed motion for reconsideration of sentence.[3] The failure to file a motion to reconsider sentence limits a defendant to a review of the sentence for constitutional excessiveness. La. C.Cr.P. art. 881.1(E); State v. Dupre, 03-256 (La.App. 5 Cir. 5/28/03), 848 So.2d 149, writ denied, 03-1978 (La. 5/14/04), 872 So.2d 509. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739, 751 (La. 1992). Trial judges are granted great discretion in imposing sentences, and a sentence will not be set aside as excessive absent a clear abuse of that discretion. State v. Parker, 03-288 (La.App. 5 Cir. 7/29/03), 853 So.2d 67. The issue on appeal is whether the trial *511 judge abused his discretion, and not whether another sentence might have been more appropriate. Id.
In her first assignment, defendant argues that the trial court erred in ordering the payment of a “DA fee,” and in her third assignment, defendant contends that the court erred in including $75.00 in “NSF fees” in her sentence.
Defendant was convicted of issuing three worthless checks in the amount of $500.00 or more, violations of La. R.S. 14:71(C). As defendant acknowledges in I.«¡her brief, pursuant to La. R.S. 16:15(A)(1), a Louisiana District Attorney’s Office is specifically authorized to collect fees whenever his office collects and processes a check, draft, or order for the payment of money upon any bank or other depository, if the check, draft, or order for payment of money on any bank or depository “[h]as been issued in a manner which makes the issuance an offense under R.S. 14:71.”[4] In this case, under La. R.S. 16:15(C), the amount that the District Attorney’s Office could collect is “One hundred seventy-five dollars or twenty percent, whichever amount is greater, if the face amount of the check, draft, or order for the payment of money is greater than five hundred dollars.” Based upon the amounts of the worthless checks defendant was convicted of issuing, two for $3,000.00 and one for $3,100.00, the District Attorney’s fee equals $1,820.00, which is twenty percent of $9,100.00. Thus, the part of defendant’s sentence which required her to pay $1,800.00 was actually less than the amount allowed by statute.[5] Accordingly, *512 we do not find this fee to be constitutionally ^excessive.[6] Similarly, with respect to defendant’s assignment of error that a $75.00 NSF fee was improperly ordered, we also find no merit. As defendant acknowledges in her brief, La. R.S. 16:15(F) specifically requires a District Attorney’s Office to collect worthless check fees:
Notwithstanding the provisions of Subsection E of this Section, in addition to the fees collected as provided in Subsection C of this Section, the district attorney shall collect a fee of twenty-five dollars per worthless cheek which shall be payable to the person or entity that honored the worthless check or checks.
In this case, the $75.00 fee imposed is the correct amount for the three worthless checks issued by defendant.
In her second assignment of error, defendant asserts that the trial court erred in adding court costs to her sentence.
La. C.Cr.P. art. 887 provides:
A. A defendant who is convicted of an offense or is the person owing a duty of support in a support proceeding shall be liable for all costs of the prosecution or proceeding, whether or not costs are assessed by the court...
[Emphasis added]. In State v. Griffin, 14-1214 (La. 10/14/15), 180 So.3d 1262, the Louisiana Supreme Court discussed the discretion of the trial court to impose costs |fiupon a convicted criminal defendant and a reviewing court’s ability to determine whether the costs in a particular case are constitutionally excessive:
We find that it is within the discretion of the trial court to impose a broad category of costs on a convicted criminal defendant pursuant to article 887(A). The official comments to La. C.Cr.P. art. 887 state that the “general rule” is, “upon conviction, either upon a plea or finding of guilty, the defendant becomes liable for all costs of the prosecution .... [Liability for costs is inherent in the adjudication of guilt, whether stated in the sentence or not.” La. C.Cr.P. art. 887, official cmt. (a) (1966). In other words, the only limitation on costs in article 887 is “the adjudication of guilt,” i.e., a conviction.
[[Image here]]
*513 Though we specifically find that a trial court has broad discretion to impose costs in this context, the discretion is not unlimited. The Louisiana Constitution limits a court’s power to impose fines and costs when those costs are excessive or unreasonable. See State v. Dorthey, 623 So.2d 1276 (1993) (“Louisiana’s judiciary maintains the distinct responsibility of reviewing sentences imposed in criminal cases for constitutional exces-siveness.”) (citing La. Const, art. 1, sec. 20). To constitute an excessive sentence, a court must find that “the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and therefore, is nothing more than the needless imposition of pain and suffering.” State v. Guzman, 99-1753, p.15 (La. 5/16/00), 769 So.2d 1158, 1166.
Id. at 1269-70. In the instant case, defendant was assessed a total of $314.50 in court costs.[7] While defendant argues that she had already paid court costs prior to her most recent sentencing, no proof of this appears in the record. Defendant does not contend that the amount of the court costs is excessive or that the total amount was incorrectly calculated. We cannot say that the amount of court costs imposed in this case shocks our sense of justice. This assignment is without merit.
In her fourth assignment of error, defendant contends that the trial court erred in ordering her to appear in open court to make restitution payments. However, neither the trial court transcript from the date of sentencing or the corresponding minute entry shows that the court expressly imposed such ¡^requirement as part of defendant’s sentence.[8] Accordingly, there is nothing in the record upon which to base our review. See State v. Orgeron, 512 So.2d 467, 472 (La. App. 1st Cir. 1987), writ denied, 519 So.2d 113 (La. 1988). However, even if defendant was required to pay her restitution in such a manner, we do not find that to be a clear abuse of the trial court’s discretion. This assignment is without merit.
The defendant complains in her last assignment that the trial court failed to give her credit for time served. This assertion is directly contradicted by both the trial court transcript[9] from the date of sentencing and the corresponding minute entry.[10] Nevertheless, credit for time served is self-executing under La. C.Cr.P. art. 880.[11] This assignment is without merit.
*514 Finally, although not specifically assigned as error, defendant contends throughout her brief that the cumulative actions[12] of the trial judge in sentencing her amount to “vindictiveness,” resulting in a sentence that is both “excessive” and “unclear.” The record does not support this allegation.[13] The trial court complied with this Court’s order on remand by setting a determinate amount of restitution due pursuant to La. C.Cr.P. art. 895.1. Nothing in the record before us demonstrates that the amount of restitution was calculated incorrectly.[14] As discussed above, the fines and fees imposed as part of defendant’s sentence were ^authorized by State law and, in some cases, were mandatory. To the extent that the fines and fees were not previously imposed, defendant’s prior sentences were illegally lenient.[15] In reviewing defendant’s sentence for constitutional excessiveness, we do not find that any portion of her sentence is a “needless imposition of pain and suffering.”
ERROR PATENT REVIEW
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990). We find no errors which require correction.
DECREE
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED

. The facts of this case were set forth in this Court’s opinion in defendant’s first appeal. See Campbell, 13-130, pp. 3-4 (La.App. 5 Cir. 10/30/13), 128 So.3d 1137, 1139.

. Specifically, we ordered the court to make "a judicial determination of the amount of restitution due, after determining the amount of the credit to which defendant is entitled to for restitution amounts already paid.”

.The record shows that defendant filed a pro se motion to amend, modify and correct sentence on October 21, 2015, prior to the sentencing date of December 16, 2015. On October 26, 2015, the trial court denied defendant’s motion as premature.

. No specific procedure for the collection of the District Attorney’s fee is provided for in the statute, nor is there a prescriptive period within which the fee must be collected. It is not clear from the record why the District Attorney's Office did not seek this fee as a part of defendant's previously vacated sentences.

. We note that the $1,800.00 amount for the "D.A. fee” was provided to the trial court through the testimony of Jennifer Duhe, who was identified as working for the St. John District Attorney’s Office in the Victims’ Assistance and Worthless Checks Division. Duhe's testimony was that defendant had not made any payments toward the $1,800.00 D.A. fee as of the time of resentencing. The sentencing transcript from December 16, 2015, provides as follows:
THE STATE: Can you tell the Court prior to any restitution being paid, exactly what the defendant owed the two victims in this case?
MS. DUHE: She owed Acadian Plumbing $6,150.00. She owed the District Attorney’s Office for the checks—the two companies, $1,800.00....
[[Image here]]
THE STATE: And then separately she owed the D.A.'s Office $1,800.00 as a D.A. fee, resulting from these worthless checks?
MS. DUHE: Yes.
[[Image here]]
THE STATE: In regard to the $1,800.00 D.A. fee, has she made any payment in regard—
MS. DUHE: No.
Defendant did not object to the calculation of the $1800.00 D.A. fee referenced in Duhe’s testimony. The record then shows that the trial court included the $1,800.00 D.A. fee as a part of the $10,975.00 it ordered defendant to pay as the total amount of restitution.
THE COURT: Okay, the 6,150. Then 1800. Then, 3025?
THE STATE: That is correct, Your Honor.
THE COURT: And I total that to 10,975.
THE STATE: That is correct, Your Honor.
THE COURT: And as you were going on down the row, the credit I amount to 2,349?
THE STATE: That is correct, Your Honor.
THE COURT: Ms. Mengisen, any problems with the Math?
DEFENSE COUNSEL: No objection, Your Honor.
Technically speaking, "restitution” is defined as a means by which persons convicted of certain crimes compensate an “actual pecuniary loss to a victim.” See La. C.Cr.P. art. 883.2. As noted above, in defendant’s second appeal, we remanded with instructions to the trial court to resentence defendant and to *512 calculate restitution in accordance with La. C.Cr.P. art. 895.1, which also provides for the imposition of costs and fines. The entirety of the transcript clearly identifies the D.A. fee as separate and apart from the amount owed as compensation to the victims in this case. However, the trial court referred to the total amount that the defendant would pay as part of her sentence, including the D.A. fee, as “restitution,” Similarly, the minute entry for December 16, 2015, provides a total "restitution” amount of $10,975.00, but without a line item explanation of how that amount was calculated. It appears, however, that the $1,800.00 "D.A. fee” was included in that amount. In this particular case, where the record clearly delineates the amounts of "restitution” from the fines and fees imposed as part of defendant’s sentence, and where no objections were made by defendant, we find that the trial court’s reference to the entire amount of the fines and fees as "restitution” is harmless error. To the extent that the commitment/minute entry does not provide the same detail of calculation in the sentencing transcript, the transcript prevails. State v. Vincent, 07-239 (La.App. 5 Cir. 12/27/07), 978 So.2d 967.

. We also find no error in the trial court’s inclusion of the D.A, fee as a part of defendant’s sentence, as this Court has previously affirmed similar sentences. See State v. Jones, 08-1158 (La.App. 5 Cir. 02/25/09), 9 So.3d 893. (District Attorney's fee in the amount of $ 3,739.53 made part of the sentence was affirmed.) See also West v. Foti, 94-2139 (La. App. 4 Cir. 04/26/95), 654 So.2d 834, writ denied, 95-1333 (La. 9/1/95), 658 So.2d 1267; and State v. Dean, 99-475 (La.App. 3 Cir. 11/03/99), 748 So.2d 57, writ denied, 99-3413 (La. 5/26/00), 762 So.2d 1101.

. In defendant’s prior appeal, this Court observed that the trial court had assessed court costs in the exact same amount of $314.50. State v. Campbell, 15-98 (La.App. 5 Cir. 09/15/15), 173 So.3d 1256.

. We note that the record contains four minute entries for "Proof of Payment" that occurred after sentencing, which indicate that defendant was present in court on February 25, 2016, and March 23, 2016. Defendant failed to appear April 20, 2016 and May 18, 2016, and an attachmenl/bench warrant was issued by the trial court.

.During sentencing, the trial judge stated, "We’re giving you credit for all the time served in Louisiana correctional facilities."

. The minute entry from December 16, 2015 provides, "Defendant given credit for all time served.”

. The Fifth Circuit Court of Appeal is not the proper venue in which to challenge the calculation of parole. Under La. R.S. 15:571.15, venue in any action in which an individual committed to the Department of Public Safety and Corrections contests the computation of his sentence or sentences, discharge, good time dates, or any action concerning parole shall be in the parish of East Baton Rouge.

. The Supreme Court has noted that the "cumulative error” doctrine has lost favor in the Louisiana courts. State v. Draughn, 05-1825 (La. 1/17/07), 950 So.2d 583, cert. den., 552 U.S. 1012, 128 S.Ct. 537, 169 L.Ed.2d 377 (2007). Significantly, the Supreme Court in State v. Manning, 03-1982 (La. 10/19/04), 885 So.2d 1044, cert. den., 544 U.S. 967, 125 S.Ct. 1745, 161 L.Ed.2d 612 (2005), rejected the cumulative error doctrine by noting that "twenty times zero equals zero.”

. With regard to her claim of vindictiveness, we note that defendant, at no time during the resentencing hearing, claimed that any portion of her sentence, including the imposition of the $1,800.00 D.A. fee, was vindictive. As such, neither the trial court nor the district attorney had any opportunity to address or respond to this possible issue. Therefore, on the record before us, it is difficult to specifically evaluate defendant’s allegations of vindictiveness.

. In concluding that the amount of restitution was properly calculated, we foreclose defendant's argument that her trial attorney's failure to object at sentencing constituted ineffective assistance of counsel.

. We specifically found in defendant’s first appeal that the trial court's failure to impose a fee, pursuant to La. R.S. 14:71(G), resulted in an illegal sentence. State v. Campbell, 13-130 (La.App. 5 Cir. 10/30/13), 128 So.3d 1137, 1143.