982 So.2d 854 (2008)
STATE of Louisiana
v.
Brian A. MILLER.
No. 07-KA-845.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 2008.
Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Andrea F. Long, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Dwight M. Doskey, Attorney at Law, Covington, LA, Mark D. MacNamara, Attorney at Law, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges SUSAN M. CHEHARDY, WALTER J. ROTHSCHILD, and FREDERICKA HOMBERG WICKER.
WALTER J. ROTHSCHILD, Judge.
Following a bench trial on December 17, 2002, defendant, Brian A. Miller was found guilty of attempted possession of 400 or more grams of cocaine. He was subsequently granted an out of time appeal and challenged this conviction on the basis of two assignments of error.[1] Defendant first argued that the evidence was insufficient to support his conviction and secondly that the trial court erred by admitting into evidence a witness' prior statement to the police. By opinion dated October 31, 2006, a panel of this court found no merit in either of defendant's assignments of error. However, the Court noticed an error patent in that the trial transcript did not reflect that the defendant was properly advised of his right to a jury trial or that he knowingly and willingly waived his right before proceeding to a bench trial. Thus, the Court conditionally affirmed defendant's conviction and sentence and remanded the case to the trial court for an evidentiary hearing on the question of whether the defendant validly waived the right to a jury trial pursuant to State v. Nanlal, 97-786 (La.9/26/97), 701 So.2d 963. The Court further stated:
If the evidence shows that the defendant did not make a valid waiver, the trial court must set aside the conviction and sentence and grant the defendant a new trial. If the trial court rules adversely to the defendant, then the defendant's right to [appeal] that ruling is reserved.
See, State v. Miller, 06-451 (La.App. 5 Cir. 10/31/06), 945 So.2d 773.
*856 The record in this appeal contains a minute entry from January 18, 2007 indicating that an evidentiary hearing was conducted.[2] The minute entry reflects that the State presented a portion of the December 17, 2002 trial transcript. In that transcript, defense counsel stated, Your Honor, we've elected to waive trial by jury and be tried by the Court alone. The trial judge then asked the defendant, . . . you've discussed that with [your attorney], and that is what you would like to do? The defendant responded, Yes, sir. After the evidentiary hearing on the waiver, the trial court concluded that the defendant had waived his right to a jury trial.
Defendant now appeals on the basis of the same two assignments of error asserted in his first appeal. Defendant does not appeal the ruling of January 18, 2007 regarding the jury trial waiver.
In State v. Nanlal, supra, the Louisiana Supreme Court held that, after an evidentiary hearing on the question on whether the defendant validly waived his right to a jury trial, the defendant could appeal from any adverse ruling on the waiver issue. State v. Nanlal, 701 So.2d at 963-64. See also State v. McCloud, 04-1112, p. 7 (La.App. 5 Cir. 3/29/05), 901 So.2d 498, 504, writ denied, 05-1450 (La.1/13/06), 920 So.2d 235, in which this Court found that, if the trial court found there was a valid jury waiver, then the defendants conviction and sentence was affirmed. This Court held that the defendant should then be allowed the right to appeal the adverse ruling on the jury trial waiver. See State v. Onstead, 03-1413, p. 15 (La.App. 5 Cir. 5/26/04), 875 So.2d 908, 918, in which this Court remanded in order for the trial court to conduct an evidentiary hearing "solely to determine whether or not [the defendant] affirmatively waived his right to a jury trial." See also State v. Singleton, 05-622, p. 13 (La.App. 5 Cir. 1/31/06), 922 So.2d 647, 654, in which this Court found that if the defendant did not appeal the adverse ruling on the waiver issue his conviction and sentence would be affirmed.
In the present case, the defendant raises the same errors previously decided by this Court on the merits. The defendant is not entitled to raise these errors again because the case was remanded solely to determine whether there was a valid jury trial waiver. See State v. Onstead, supra. In this Court's original opinion, the Court reserved to the defendant the right to challenge the trial court's adverse ruling on the waiver issue. Because the defendant has not exercised the right to challenge that ruling there is nothing for this Court to review on appeal.
Further, it is noted that even if the defendant had challenged the ruling, this Court has held similar remarks constitute a valid waiver. See State v. Ruffin, 02-798, pp. 11-14 (La.App. 5 Cir. 12/30/02), 836 So.2d 625, 633-34, writ denied, 03-3473 (La.12/10/04), 888 So.2d 831.
ERROR PATENT DISCUSSION
Since the defendant received an errors patent review in his original appeal, he is not entitled to a second errors patent review. State v. Taylor, 01-452, p. 10 (La. App. 5 Cir. 11/14/01), 802 So.2d 779, 783, writ denied, 01-3326 (La.1/10/03), 834 So.2d 426.
DECREE
Accordingly, for the reasons assigned herein, the conviction and sentence of Brian *857 A. Miller which was conditionally affirmed by opinion of this Court on October 31, 2006 is hereby affirmed in its entirety.
AFFIRMED.
NOTES
[1] The statement of the case and the facts were set forth in this Court's previous opinion in defendant's first appeal. State v. Miller, 06-451 (La.App. 5 Cir. 10/31/06), 945 So.2d 773.
[2] According to a letter in the record from John Andresssen, Deputy Judicial Administrator for the 24th Judicial District Court, the transcript of this hearing cannot be produced because the court reporter died in 2007 and her notes for the week of January 15-19, 2007 could not be found.