HANS J. LILJEBERG, Judge.
|2Pefendant appeals her conviction of issuing worthless checks in violation of La. R.S. 14:71. For the following reasons, we affirm defendant’s conviction, vacate defendant’s sentence, and remand the matter for re-sentencing.

Procedural Background

On July 16, 2010, the St. John the Baptist Parish District Attorney filed a bill of information charging defendant, Shondrell P. Campbell, with one count of issuing worthless checks in violation of La. R.S. 14:71.C. The bill charges that defendant issued three worthless checks, each in excess of $1,500. On July 19, 2010, defendant pleaded not guilty. On April 12, 2011, the trial court denied defendant’s pro se motion to quash the bill of information. On November 30, 2011, defendant proceeded to trial before a six-person jury. On that same date, the jury returned a verdict of guilty as charged. The trial court subsequently denied defendant’s motions for new trial and arrest of judgment. On October 18, 2012, the trial court sentenced defendant to the Department of Corrections for a term of 24 months. The trial court suspended all but two months and placed defendant on |3active probation for *1139 a term of 22 months. The trial court further ordered that defendant serve 60 days of confinement on weekends commencing on November 3, 2012. The trial court additionally imposed a $500 fíne and ordered defendant to pay restitution in the amount of $9,100 less a credit of $864, and ordered defendant to complete a three-credit-hour course in basic accounting. On November 12, 2012, the trial court re-sentenced defendant to the Department of Corrections for a term of 24 months, all suspended.[1] The trial court placed defendant on active probation for a term of two years and as a special condition, ordered defendant to serve 60 days of confinement on weekends with credit for time served. All other sentencing provisions remained the same. On that date, the trial court additionally denied defendant’s motion to reconsider sentence.
On November 14, 2012, the trial court granted defendant’s motion for appeal.

Factual Background

Defendant, a general contractor, acquired the services of two subcontractors, Zamora Construction and Acadian Plumbing. Defendant paid the subcontractors for services rendered with three separate checks. Defendant issued one check to Zamora Construction on October 9, 2009, in the amount of $3,000, and issued the remaining two checks to Acadian Plumbing on November 20, 2009, and November 27, 2009, in the amounts of $3,000 and $3,100, respectively.
All three checks were subsequently returned for insufficient funds and the subcontractors contacted the district attorney’s office for assistance. The district attorney’s office advised the companies that they must first send a certified letter to defendant, giving her ten days to make good on the checks before the district at-torne/s office could pursue collection on their behalf. Zamora Construction and LAcadian Plumbing sent the certified letters to defendant and provided proof of which to the district attorney’s office. The district attorney’s office then sent a letter to defendant giving her an additional ten days to clear up the matter, which she failed to do.
A payment plan was thereafter arranged between the district attorney’s office and defendant; however, defendant was unable to fulfill the obligations of the agreement and was ultimately arrested for issuing worthless checks.

Assignment of Error No. 1

On appeal, defendant asserts that the trial court erroneously denied defendant’s motions to continue the trial date.
La.C.Cr.P. art. 707 requires that defendant file a written motion for continuance at least seven days prior to the commencement of trial. “Upon written motion at any time and after contradictory hearing, the court may grant a continuance, but only upon a showing that such motion is in the interest of justice.” Id. La. C.Cr.P. art. 712 commits a motion for a continuance to the sound discretion of the trial judge, and a reviewing court will not disturb such a determination absent a clear abuse of discretion. State v. Shannon, 10-580, p. 10 (La.App. 5 Cir. 2/15/11), 61 So.3d 706, 714, writ denied, 11-0559 (La.9/30/11), 71 So.3d 283. A denial of a motion for a continuance is not grounds for reversal absent a showing of specific prejudice. State v. Scott, 612 So.2d 293 (La.App. 5 Cir.1992).
*1140 Moreover, the denial of an oral motion for continuance leaves nothing for the appellate court to review. State v. Winfrey, 97-427, p. 5 (La.App. 5 Cir. 10/28/97), 703 So.2d 63, 68, writ denied, 98-264 (La.6/19/98), 719 So.2d 481 (citing State v. Malinda, 95-292 (La.App. 5 Cir. 10/31/95), 663 So.2d 882, 886). Nevertheless, there is a jurisprudential exception to the requirement for a written motion where the circumstances producing the motion occur unexpectedly and [5there is no opportunity to prepare the motion. State v. Shannon, 10-580, p. 10 (LaApp. 5 Cir. 2/15/11), 61 So.3d 706, 714, writ denied, 11-0559 (La.9/30/11), 71 So.3d 283 (citing State v. Bartley, 03-1382, p. 4 (La.App. 5 Cir. 3/30/04), 871 So.2d 563, 567, writ denied, 04-1055 (La.10/1/04), 883 So.2d 1006 (citing Winfrey, 97-427 at 6, 703 So.2d at 68) (holding that defendant had not preserved the denial of his oral motion for continuance because no unexpected circumstances arose to prevent the filing of the written motion)).
In the present case, there is no evidence in the record that a written motion for continuance was filed seven days in advance of trial. Instead, defendant, on the date prior to trial, November 29, 2011, orally moved for a continuance alleging that she was unprepared. Defendant maintained that although being appointed counsel two months prior, she met with him for the first time on that date and did not have time to prepare a defense. The trial court denied the oral motion. Defendant re-asserted an oral motion for continuance on the morning of trial, but this time alleging that she had not subpoenaed witnesses necessary for trial. The trial court again denied the motion.
This Court finds that defendant should have been able to timely prepare and file a written motion to continue. Defendant was charged with a relatively minor offense that would result in a rather uncomplicated trial. Moreover, there is nothing in the record to suggest that the circumstances producing defendant’s motions occurred unexpectedly. Instead, the record reveals that defendant had more than one year to retain counsel, prepare a defense, and subpoena witnesses. Further, defendant’s trial date was set more than two months earlier in open court with defendant present with appointed counsel.[2] Based on these circumstances, we [fifind that the trial court did not abuse its discretion in denying the oral motions to continue.
This assignment lacks merit.

Assignment of Error No. 2

In its second assignment of error, appellant asserts that the trial court erroneously denied defendant’s motion for mistrial. Specifically, appellant asserts that the State improperly misrepresented the testimony of Damon Davis during closing arguments. As such, appellant argues that the trial court should have granted a mistrial under La.C.Cr.P. art. 771.[3]
*1141 At trial, Mr. Davis testified that he was the mortgage broker that assisted the Freys in obtaining financing for the purchase of the construction that Zamora Construction and Acadian Plumbing were contracted by defendant for services. Mr. Davis testified that ultimately, due to devaluing of the property, the financing fell through for his clients. Mr. Davis additionally testified when asked if he had any knowledge regarding the outcome of the sale that, “I just heard it through the grapevine that all of the puzzles of the pieces [sic] finally came together. But like I said, I don’t know. I haven’t spoken to the Freys. I haven’t even spoken to Shondrell about it since.”
|7The State, during rebuttal closing argument, stated, “Well, Mr. Davis said that eventually somebody did buy the house. Eventually, Ms. Campbell got her money.” At that time, defense counsel objected and the trial court overruled the objection, ruling that it was the middle of argument. At the close of argument, the trial court charged the jury, twice instructing that opening and closing arguments are not to be considered as evidence. After the jury exited the courtroom to deliberate, defense counsel moved for a mistrial on the ground that the prosecutor’s comment was prejudicial, outside of the evidence, and untrue.
Defense counsel asserted that the prosecutor’s statement placed in the jury’s mind that defendant did receive money and presented a prejudicial issue to the case for the jury to presume that the State’s remark was true. Defense counsel argued that the prejudicial statement could not be cured by an instruction and that defendant should be granted a mistrial.
We note, initially, that while defense counsel timely objected to the prosecutor’s remark, counsel did not timely move for a mistrial. Defense counsel waited until after the jury was charged and deliberating to move for a mistrial, when he should have made his motion at the time of his objection, or at the latest, at the close of the State’s argument. La.C.Cr.P. art. 841 requires that counsel contemporaneously bring an error to the attention of the trial judge so that he may have the opportunity to cure the error. Waiting until after the jury was charged and deliberating to move for a mistrial under La.C.Cr.P. art. 771 limited the trial judge to the remedy of mistrial only. The trial judge at that point no longer had the option to admonish the jury to cure the alleged error. For this reason, we find that the motion for mistrial came too late. Nevertheless, we will address the merits of appellant’s claim.
|sLa.C.Cr. P. art. 771 sets forth permissive grounds for requesting an admonition or a mistrial when a prejudicial remark is made on grounds that do not require automatic mistrial under article 770. Mistrial is a drastic remedy and, except in instances in which mistrial is mandatory, is warranted only when trial error results in substantial prejudice to defendant, depriving him of a reasonable expectation of a fair trial. State v. Smith, 483 So.2d 688 (La.1983). Whether a mistrial should be granted is within the sound discretion of the trial court, and denial of a motion for mistrial will not be disturbed on appeal absent an abuse of that discretion. State v. Brown, 96-1002 (La.App. 5 Cir. 4/9/97), 694 So.2d 435, 439, writ denied, 97-1251 (La.10/31/97), 703 So.2d 19.
*1142 Even if a mistrial was warranted under article 770, 771, or 775, the failure to grant a mistrial would not result in an automatic reversal of defendant’s conviction, but would be a trial error subject to the harmless error analysis on appeal. State v. Givens, 99-3518 (La.01/17/01), 776 So.2d 443; State v. Johnson, 94-1379 (La.11/27/95), 664 So.2d 94. Trial error is harmless where the verdict rendered is “surely unattributable to the error.” Johnson, supra.
Although the prosecutor’s remark was an inference drawn from Mr. Davis’ testimony and not a fact in evidence, we do not find that the remark resulted in substantial prejudice to defendant or deprived her of a fair trial. Whether or not the sale of the home was ultimately confected does not bear on the fact that defendant knowingly issued three worthless checks to Zamora Construction and Acadian Plumbing. Therefore, the prosecutor’s statement, even if improper, did not attribute to the guilty verdict and the error is harmless. In addition, the trial court twice charged the jury that statements made by the attorneys are not evidence. Finally, defense counsel specifically did not request an admonition to the jury to | disregard the remark. La.C.Cr.P. art. 771. Accordingly, we find no abuse of discretion in the trial court’s denial of defendant’s motion for mistrial.
Appellant additionally asserts that the trial judge, in the absence of granting a mistrial, should have admonished the jury regarding the State’s closing argument. Again, defense counsel did not request that an admonition be given to the jury. “In the absence of such a request, the trial judge need not admonish the jury.” State v. Ratcliff, 98-101, p. 13 (La.App. 5 Cir. 2/23/99), 731 So.2d 356, 364, writ denied, 99-1112 (La.9/3/99), 747 So.2d 541; State v. Mayer, 589 So.2d 1145, 1151 (La.App. 5 Cir.1991), writ denied, 609 So.2d 251 (La.1992).
This assignment of error lacks merit.

Errors Patent

The record was reviewed for errors patent pursuant to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). A review of the record reveals two errors patent requiring corrective action.
La.C.Cr.P. art. 895.1 states that “restitution payment shall be made, in discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant.” The record reflects that the trial court failed to determine the amount of restitution owed or the manner in which the restitution would be paid as required by La.C.Cr.P. art. 895.1. Instead, the trial court left the calculations to the district attorney’s office. Therefore, we vacate defendant’s sentence and remand the matter for re-sentencing to afford the court the opportunity to consider the earning capacity and assets of defendant to set a determinate amount of restitution and the manner in which it will be paid in accordance with La.C.Cr.P. art. 895.1(A). See State v. Echeverria, 03-898, pp. 11-13 (La.App. 5 Cir. 11/25/03), 862 So.2d 163, 169-70; State v. Alexander, 91-1199,10 pp. 11-12 (La.App. 5 Cir. 9/29/98), 720 So.2d 82, 88, writ denied, 98-3109 (La.4/9/99), 740 So.2d 628; State v. Peters, 611 So.2d 191, 191-93 (La.App. 5 Cir.1992).
Moreover, it appears that the trial court imposed an illegal sentence. La. R.S. 14:71(G) provides:
[T]he court shall order as part of the sentence restitution in the amount of the check or checks plus a fifteen dollar per check service charge payable to the person or entity that initially honored the worthless check, or checks, an author *1143 ized collection agency, or justice of the peace. In the event the fifteen dollar per check service charge is paid to a person or entity other than one who initially honored the worthless check or checks, the court shall also order as part of the sentence restitution equal to the amount that the bank or other depository charged the person or entity who initially honored the worthless check, plus the actual cost of notifying the offender of nonpayment as required in Paragraph A(2).
The record does not reflect that the trial court ordered restitution plus the per check service charge and cost to notify the offender of nonpayment as mandated by La. R.S. 14:71 (G).
For the foregoing reasons, we vacate defendant’s sentence and remand the matter for re-sentencing in accordance with the provisions of La. R.S. 14:71 and La. C.Cr.P. art. 895.1.

Decree

Considering the foregoing, defendant’s conviction is affirmed, sentence is vacated, and the matter is remanded for re-sentencing in accordance with the provisions of La. R.S. 14:71 and La.C.Cr.P. art. 895.1.

CONVICTION AFFIRMED; SENTENCE VACATED & REMANDED.

. The trial court re-sentenced defendant to conform to certain probation guidelines at the request of Probation & Parole.

. The record reveals that the trial court granted defendant a continuance on September 12, 2011, due to appointed counsel being newly assigned to the case. At that time, defendant's trial date was set for November 30, 2011.

. La.C.Cr.P. art. 771 provides:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
(2) When the remark or comment is made by a witness or person other than the *1141 judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.