M. LAUREN LEMMON, Judge Pro Tempore.
^Defendant, Shondrell Campbell, appeals her conviction and sentence for issuing worthless checks. For the foregoing reasons, we affirm her conviction, vacate the sentence, and remand for re-sentencing.

PROCEDURAL HISTORY AND FACTS

This is defendant’s second appeal.[1] On the original appeal, this Court affirmed defendant’s conviction of issuing worthless checking in violation of La. R.S. 14:71, but vacated her sentence and remanded the matter for re-sentencing. Defendant filed this second appeal, again challenging her conviction and sentence.
On July 16, 2010, the St. John the Baptist Parish District Attorney filed a bill of information charging defendant with one count of issuing worthless checks. On November 30, 2011, a six-person jury returned a verdict of guilty as charged. The *1258 1 atrial court subsequently denied defendant’s motions for new trial and arrest of judgment. On October 18, 2012, defendant was sentenced to the Department of Corrections for 24 months. The trial court suspended all but two months of defendant’s sentence, placed defendant on active probation for 22 months, and ordered that defendant serve 60 days of confinement on weekends. The trial court imposed a $500.00 fine, ordered defendant to pay restitution in the amount of $9,100.00 less a credit of $864.00, and to complete a three-credit-hour course in basic accounting. On November 12, 2012, the trial court re-sentenced defendant to the Department of Corrections for 24 months, all suspended, and placed defendant on active probation for two years. As a special condition of probation, defendant was ordered to serve 60 days of confinement on weekends. All other sentencing provisions remained the same.
The trial court denied defendant’s motion to reconsider sentence, and on November 14, 2012, the trial court granted defendant’s first motion for appeal. On October 30, 2012, this Court affirmed defendant’s conviction. State v. Campbell, 13-130, pp. 2-3 (La.App. 5 Cir. 10/30/13), 128 So.3d 1137, 1138-39. On error patent review on the first appeal, this Court found the trial court failed to determine the total amount of restitution owed or the manner in which it would be paid pursuant to La.C.Cr.P. art. 895.1. Therefore, defendant’s sentence was vacated and remanded for the court to determine the total amount of restitution owed and the manner in which it would be paid. Id., 13-130 at 9-10, 128 So.3d at 1142-43. This Court also found that the trial court imposed an illegal sentence by not ordering the per check service charge to the entity that initially honored the worthless check, plus the actual cost of notifying the offender of nonpayment as mandated by La. R.S. 14:71(G). Id.
On remand, on December 18, 2013, the trial court ordered defendant to pay a $500.00 fine, $314.50 in court costs, and $9,100.00 in restitution with a credit given |4for payment of $864.00, and a $15.00 fee for the per cheek charge for a total fee of $45.00.
On September 10, 2014, defendant filed a notice of intent to file a writ of mandamus and administrative relief with this Court. On September 22, 2014, defendant filed a motion to clarify sentence, motion for post-conviction relief, and motion for a restitution hearing, and the restitution hearing was set for November 10, 2014. On October 28, 2014, defendant’s writ was granted, finding that the trial court, on remand from the first appeal, failed to comply with this Court’s directive that defendant be re-sentenced in accordance with La.C.Cr.P. art. 895.1, and granted the writ application for the sole purpose of vacating her sentence and remanding the matter for re-sentencing. This Court reminded the trial court that under La. C.Cr.P. art. 895.1, it must specify an amount of restitution owed and set a payment schedule for restitution based on defendant’s earning capacity and assets.
On November 10, 2014, the trial court held a restitution hearing where the judge ordered defendant to pay $100.00 per month until paid, and that she pay a $500.00 fine, $314.50 in court costs, $9,100.00 in restitution with all credit given which was stated as $864.00 as of that date; however, the trial judge stated he would “let the District Attorney’s Victims’ Assistance people tell us exactly how much she’s paid.” She was also ordered to pay a $15.00 fee for the per check charge, for a total fee of $45.00. On December 16, 2014, the trial court denied defendant’s motion to reconsider sentence.
*1259 On November 14, 2014, defendant filed a second notice of intent to file a supervisory ■writ application, seeking review of the trial court’s November 13, 2014 re-sentencing per this Court’s instructions on first appeal. On December 16, 2014, this Court found that because defendant sought review of a judgment which imposed a sentence, relief was appropriate via appeal, and not by writ; thus, this Court granted |fithe writ for the limited purpose of remanding the matter to the trial court with instructions for it to consider her timely-filed notice of intent as a motion for an appeal and for further proceedings consistent therewith.
On December 22, 2014, the trial court found that in following this Court’s directive, it considered defendant’s timely-fíled notice of intent as a motion for appeal and, thus, granted defendant’s appeal. Her second appeal now follows.
ASSIGNMENT OF ERROR NUMBER ONE

The evidence was insufficient to support the conviction.

Defendant concedes that the issue of sufficiency of evidence would typically be deemed waived because it was not raised in the original appeal, but argues that it is appropriate to raise it here because this Court, when granting the most recent writ application, stated that it was pretermitting consideration of the remaining issues in the case, and those could be raised when defendant appealed the imposition of the new sentence. Defendant argues that because she raised the argument of insufficiency of evidence in her writ application, “it is presumed that this Court has reserved to her the right to raise that argument.”
However, defendant misinterpreted the language this Court used when granting, in part, her writ application, and finding, “[w]e pretermit consideration of the remaining claims in Relator’s writ application because she will have an opportunity to appeal her sentence after resentencing.” On the writ, this court clearly stated that defendant could appeal her sentence after resentencing. Defendant is not entitled to raise the error regarding sufficiency of evidence because the case was remanded solely for sentencing purposes. See State v. Miller, 07-845, p. 4 (La.App. 5 Cir. 3/11/08), 982 So.2d 854, 856, writ denied, 08-0793 (La.10/24/08), 992 So.2d 1034. Nevertheless, although defendant did not specifically raise sufficiency-of evidence as an assignment of error, it is noted that during errors patent review, this |fiCourt evaluates all cases for sufficiency of the evidence. In the first appeal, Campbell, supra, this Court affirmed defendant’s conviction, and thus, we will not reconsider the issue of sufficiency of the evidence in this appeal. See, e.g., State v. Martinez, 09-1057, p. 3 (La.App. 5 Cir. 5/25/10), 40 So.3d 1113, 1115.
ASSIGNMENT OF ERRORS NUMBERS TWO AND THREE

The trial court erred in imposing sentence.

The trial court erred in denying the motion to reconsider sentence.

Defendant combines assignments of error two and three with several arguments. First, defendant argues that the trial court erred by ordering restitution without -fixing a sum certain for the restitution award, and that the trial court failed to consider defendant’s ability to pay. The trial judge determined that $9,100.00 in restitution was due, with a credit of $864.00, to be paid at the rate of $100.00 per month. The trial judge ruled that he would “let the District Attorney’s Victims’ Assistance people tell us exactly how much she’s paid.” This language mirrors what the trial judge said at the original restitution *1260 hearing, prior to defendant’s first appeal. Originally, the trial court “ordered defendant to pay restitution in the amount of $9,100 less a credit of $864.” On error patent review, this Court found:
La.C.Cr.P. art. 895.1 states that “restitution payment shall be made, in discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant.” The record reflects that the trial court failed to determine the amount of restitution owed or the manner in which the restitution would be paid as required by La. C.Cr.P. art. 895.1. Instead, the trial court left the calculations to the district attorney’s office. Therefore, we vacate defendant’s sentence and remand the matter for re-sentencing to afford the court the opportunity to consider the earning capacity and assets of defendant to set a determinate amount of restitution and the manner in which it will be paid in accordance with La.C.Cr.P. art. 895.1(A). See State v. Echeverria, 03-898, pp. 11-13 (La.App. 5 Cir. 11/25/03), 862 So.2d 163, 169-70; State v. Alexander, 91-1199, pp. 11-12 (La.App. 5 Cir. 9/29/98), 720 So.2d 82, 88, writ denied, 98-3109 (La.4/9/99), 740 So.2d 628; State v. Peters, 611 So.2d 191, 191-93 (La.App. 5 Cir.1992). [Emphasis added].
See Campbell, 13-130 at 9-10, 128 So.3d at 1142.
|7On remand, the trial court properly considered defendant’s earning capacity and assets in determining that restitution would be paid at the rate of $100.00 per month, finding that defendant was in a unique position to argue a minimum wage scenario, as she has never earned minimum wage previously, and she was a business woman with several higher education degrees. It is well settled that the trial court has vast discretion in sentencing decisions, including the imposition of restitution, and his decision will not be disturbed absent an abuse of this discretion. See, e.g, State v. Blanchard, 03-0612, p. 16 (La.App. 5 Cir. 11/12/03), 861 So.2d 657, 668, writ denied, 03-3389 (La.10/15/04), 883 So.2d 1045; Peters, 611 So.2d at 192; State ex rel. D.B., 13-1364, pp. 9-11 (La. App. 3 Cir. 4/23/14), 137 So.3d 1282, 1288-89, writ denied, 14-1092 (La.1/9/15), 157 So.3d 596 (the appellate court found it was not an abuse of discretion for the trial court to order a juvenile to pay restitution in the amount of $750 at a rate of $75 per month, which defendant had argued was an unreasonable burden to place on an indigent fourteen-year-old.)
However, on remand, the trial court failed to set a determinate amount of restitution due pursuant to La.C.Cr.P. art. 895.1, and erred in leaving those calculations to the District Attorney’s Office.
Accordingly, defendant’s sentence must be vacated again, and the matter is remanded for the trial court to have a judicial determination of the amount of restitution due, after determining the amount of the credit to which defendant is entitled to for restitution amounts already paid.
Next, defendant asserts that the State failed to prove that all or some of the restitution was owed. As previously stated, defendant is not entitled to raise any error regarding sufficiency of evidence because the case was remanded solely for sentencing purposes. Nevertheless, we note that a trial judge may “order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim in an amount ^certain.” La.C.Cr.P. art. 895.1. In ordering restitution, the trial judge has discretion and his decision will not be disturbed absent an abuse of this discretion. State v. Blanchard, 03-0612, p. 16 (La.App. 5 Cir. 11/12/03), 861 So.2d 657, 668, writ denied, 03-3389 (La.10/15/04), 883 *1261 So.2d 1045. We find that a review of the record indicates that the evidence at trial was sufficient to support the restitution due.
Finally, defendant alleges that the trial court only gave her credit for the time she spent in the Louisiana Correctional Facili-. ties, and that it would commence her two-year probationary term on March 24, 2014. She contends that she served much of her probationary period by December 18, 2013, but the trial court did not give her credit for that time served when she was re-sentenced. She alleges that, in addition, the State agreed with defendant and would not object to her being given the credit for the time she spent in federal custody, and therefore, she should be given credit for time served and declare her probationary period satisfied. Finally, she argues that her probation was not revoked when she began serving her federal time so the trial court was without basis to deny her credit for that time served under La.C.Cr.P. art. 901.
The record reflects that the trial judge. declined to rule on this issue as he found it was not properly pled nor part of this Court’s previous order regarding defendant’s re-sentencing. As a court of review, we cannot review rulings which were not made. Moreover, this argument is now moot. On remand, the trial judge will re-sentence defendant. See, e.g., State v. Wheeler, 04-0953, p. 11 (La.App. 4 Cir. 3/9/05), 899 So.2d 84, 90.
Therefore, defendant’s sentence is vacated and remanded to the trial court for re-sentencing in accordance with the law. We specifically urge the trial court to follow the requirements of La.C.Cr.P. art. 895.1 in making a judicial determination |9of the amount of restitution due, after determining the amount of the credit to which defendant is entitled to for restitution amounts already paid.
ERROR PATENT DISCUSSION
This Court routinely reviews the record for errors patent in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990). However, defendant received an error patent review upon her original appeal, and errors were found and addressed. Therefore, she is not entitled to a second error patent review on the underlying conviction and original sentence. State v. Taylor, 01-452, p. 10 (La.App. 5 Cir. 11/14/01), 802 So.2d 779, 783, writ denied, 01-3326 (La.1/10/03), 834 So.2d 426.
However, defendant is entitled to an error patent review on her newly imposed sentence. As previously stated, defendant’s sentence must be vacated and the matter remanded for re-sentencing. See State v. Echeverria, 03-898, pp. 11-13 (La.App. 5 Cir. 11/25/03), 862 So.2d 163, 169-70; State v. Alexander, 91-1199, pp. 11-12 (La.App. 5 Cir. 9/29/98), 720 So.2d 82, 88, writ denied, 98-3109 (La.4/9/99), 740 So.2d 628; State v. Peters, 611 So.2d 191, 191-93 (La.App. 5th Cir.1992).
DECREE
In accordance with the instructions set forth in this opinion, defendant’s conviction is affirmed, the sentence is vacated, and the matter is remanded for resentencing by the trial court.
CONVICTION AFFIRMED; SENTENCE VACATED & REMANDED.

. The facts of this case were set forth in this Court’s opinion in defendant's first appeal. See Campbell, 13-130, pp. 3-4 (La.App. 5 Cir. 10/30/13), 128 So.3d 1137, 1139.