RHONDA JACKSON

VERSUS

SHONDRELL PERRILLOUX AND
ELIANA DEFRANCESCH IN HER
OFFICIAL CAPACITY AS CLERK
OF COURT FOR ST. JOHN THE
BAPTIST PARISH

NO. 20-CA-253

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 75,730, DIVISION "B"
HONORABLE KIRK A. VAUGHN, JUDGE PRO TEMPORE PRESIDING

August 11, 2020

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and Hans J. Liljeberg

<u>**AFFIRMED**</u>
    **SJW**
    **SMC**
    **HJL**

2020 AUG 11 AM 9: 01
FILE FOR RECORD
DEPUTY CLERK
FIFTH CIRCUIT
COURT OF APPEAL
STATE OF LOUISIANA

COUNSEL FOR PLAINTIFF/APPELLEE,
RHONDA JACKSON
        Kevin P. Klibert

DEFENDANT/APPELLANT,
SHONDRELL PERRILLOUX
        In Proper Person

**WINDHORST, J.**

Appellant, Shondrell Perrilloux, appeals the trial court's August 4, 2020 judgment disqualifying her as a candidate for Justice of the Peace District 6 in the Parish of St. John the Baptist. For the reasons that follow, we affirm the trial court's judgment.

**PROCEDURAL HISTORY**

Appellant qualified for the office of Justice of the Peace District 6 by filing a sworn notice of candidacy dated July 23, 2020.[1] On July 31, 2020, appellee, Rhonda Jackson, a qualified elector, filed an Objection to Candidacy and Petition to Disqualify Candidate, pursuant to La. R.S. 18:1402 A and pursuant to Article l, Section 10.l of the Constitution of Louisiana.[2] Appellee stated that appellant's notice of candidacy contained a certification that appellant "is not prohibited from qualifying as a candidate for the conviction of a felony" pursuant to Article I, Section 10.1 of the Constitution of Louisiana. Appellee contended that the records obtained from the St. John the Baptist Parish Clerk of Court, showed that appellant was convicted of three counts of issuing worthless checks on October 17, 2012, and was sentenced to "24 months with D.O.C., 22 months suspended" on January 9, 2012.[3] Appellee stated that appellant was resentenced on December 18, 2013, and that after exhausting her appeal rights, appellant's conviction became final on or about December 28, 2016.[4] Appellee claimed that since fewer than five years had passed since appellant's conviction became final, appellant was constitutionally prohibited

---

[1] We note that the clerk's date is July 23, 2020 and appellant's signature is dated July 24, 2020, which we assume is an unintentional error.

[2] La. Const. Art. 1 Sec. 10.13633 provides that a person who has been convicted within this state of a felony and who has exhausted all legal remedies shall not be permitted to qualify as a candidate for elective public office. Section (B) provides that this "shall not prohibit a person convicted of a felony from qualifying as a candidate for elective public office or holding such elective public office or appointment of honor, trust, or profit if more than five years have elapsed since the completion of his original sentence for the conviction."

[3] Appellant was actually convicted of one count of issuing worthless checks listing three separate checks issued on different dates within the one count. State v. Campbell, 13-130 (La. App. 5 Cir. 10/30/13), 128 So.3d 1137, 1138.

[4] Appellee cited State v. Campbell, 16-341 (La. App. 5 Cir. 12/28/16), 210 So.3d 508.

20-CA-253                                    1

from running for office.  Alternatively, appellee argued that the records from appellant's criminal case show that appellant was still making restitution payments as of September 2019, and said payments are a part of appellant's sentence.

Appellant filed a motion to dismiss appellee's Objection to Candidacy and Petition to Disqualify Candidate, asserting that more than five years have elapsed since her conviction was final.  She contended that she was convicted on November 30, 2011 of issuing worthless checks in the amount of $9,100.00 and was originally sentenced on October 17, 2012.  In her first appeal, this Court affirmed her conviction but on error patent review, vacated her sentence and remanded the case for resentencing.  She was resentenced on December 18, 2013.  She contended that her probation expired on October 17, 2014, more than the five years to be eligible to qualify for office pursuant to Article I, Section 10.1 B of the Louisiana Constitution.  She additionally argued that the trial court should consider La. C.Cr.P. art. 895.1, which provides that restitution is considered a civil matter not criminal.

On August 4, 2020, after a trial on the merits, the trial court granted appellee's objection to candidacy and disqualified appellant as a candidate.  The trial court found that (1) appellant was convicted of a felony more than five years ago; (2) appellant was placed on probation and her sentence is complete with the exception of restitution; (3) appellant's probation has not been extended; (4) appellant was ordered to make restitution; and (5) appellant admitted that she has not completed payment of restitution ordered.  The trial court found that appellant's failure to complete the imposed sentence, which included restitution, precluded appellant from qualifying for the position of Justice of the Peace District 6.

Appellant filed the instant appeal.

**FACTS**

The following facts concerning the completion date of appellant's felony conviction and sentence are based on the limited record before this Court and are

relevant to this Court's analysis in determining whether appellant is prohibited from qualifying for office pursuant to Article I, Section 10.1 of the Louisiana Constitution.

*First Appeal: State of Louisiana v. Shondrell P. Campbell, case no. 10-348, 40th Judicial District Court, Div. "C"*

On November 30, 2011, appellant was convicted of one count of issuing worthless checks.[5] On October 18, 2012, the trial court sentenced appellant to the Department of Corrections for a term of 24 months, suspended all but two months, placed appellant on active probation for a term of 22 months, ordered appellant to serve 60 days confinement on weekends, imposed a $500.00 fine, ordered appellant to pay restitution in the amount of $9,100.00 less credit of $864.00, and ordered appellant to complete a three-credit-hour course in basic accounting.[6] On November 12, 2012, the trial court resentenced appellant to the Department of Corrections for a term of 24 months, suspended, placed appellant on active probation for a term of two (2) years with a special condition that appellant serve 60 days confinement on weekends with credit for time served, and ordered that all other sentencing provisions remain the same.[7] Appellant appealed. In her first appeal, this Court affirmed appellant's conviction, vacated her sentence and remanded the case to the trial court to comply with the requirements of La. C.Cr.P. art. 895.1 and La. R.S. 14:71 G.[8]

---

[5] The bill of information charged appellant with one count of worthless checks but listed three separate checks issued on different dates within the one count. Campbell, 128 So.3d at 1138.

[6] Campbell, 128 So.3d at 1138-1139; See also official minute entry dated "10/18/2012" in State of Louisiana v. Shondrell Campbell, case number 10-348, 40th Judicial District Court, Div. "C."

[7] Campbell, 128 So.3d at 1139.

[8] This Court found two errors patent requiring appellant's sentence to be vacated and remanded for resentencing. In the first error patent, this Court found that the trial court failed to determine the amount of restitution owed or manner in which restitution would be paid pursuant to La. C.Cr.P. art. 895.1, which required appellant's sentence to be vacated and remanded for resentencing. In the second error patent, this Court found that the trial court imposed an illegal sentence pursuant to La. R.S. 14:71 G, in which appellant's sentence was required to be vacated and remanded for resentencing. Campbell, 128 So.3d at 1142-1143.

*Second Appeal: State of Louisiana v. Shondrell Campbell, case no. 10-348, 40th Judicial District Court, Div. "C"*

On remand, on December 18, 2013, the trial court resentenced appellant to the Department of Corrections for a term of 24 months, suspended, placed appellant on active probation for two (2) years and 480 hours of community service to begin March 24, 2014, ordered appellant to pay a $500.00 fine and $314.50 in court costs, ordered appellant to pay restitution in the amount of $9,100.00 with a credit given for payment of $864.00, and order appellant to pay a $15.00 fee for the per check charge for a total fee of $45.00.[9] Appellant filed a writ application with this Court.[10] On October 28, 2014, this Court granted appellant's writ application, finding that on remand the trial court failed to comply with this Court's order that appellant must be resentenced pursuant to La. C.Cr.P. art. 895.1, and granted appellant's writ application for the sole purpose of vacating her sentence and remanding the case for resentencing.[11]   On remand, on November 10, 2014, the trial court resentenced appellant to the Department of Corrections for a term of 24 months, suspended, placed appellant on active probation for two (2) years and ordered appellant to complete 480 hours of community service beginning on March 24, 2014, ordered appellant to enroll and complete a three-hour course in accounting, and ordered the previous conditions of probation to remain in full force and effect.[12]  On November 10, 2014, the trial court also held a restitution hearing wherein the judge ordered appellant to pay $100.00 per month until paid, ordered appellant to pay a $500.00 fine, $314.50 in court costs, $9,100.00 in restitution with a credit of $864.00 as of that date, and the trial court stated he would "let the District Attorney's Victims'

---

[9] State v. Campbell, 15-98 (La. App. 5 Cir. 09/15/15), 173 So.3d 1256, 1258; See also the official court minute entry for resentencing hearing dated "12/18/2013" in State of Louisiana v. Shondrell Campbell, case no. 10-348, 40th Judicial District Court, Div. "C."

[10] Campbell, 173 So.3d at 1258.

[11] Id.

[12] See the official court minute entry for resentencing dated "11/10/2014" in State of Louisiana v. Shondrell Campbell, case no. 10-348, 40th Judicial District Court, Div. "C."

Assistance people tell us exactly how much she's paid."[13]  Appellant filed her second appeal.

In her second appeal, this Court again affirmed appellant's conviction.[14] However, this Court found that while the trial court properly considered appellant's earning capacity and assets in determining that restitution be paid at the rate of $100.00 per month, the trial court failed to set a determinate amount of restitution due pursuant to La. C.Cr.P. art. 895.1, and erred in leaving those calculations to the District Attorney's Office.[15]  Therefore, this Court again vacated appellant's sentence and remanded the case for resentencing.[16]

*Third appeal: State of Louisiana v. Shondrell Campbell, case no. 10-348, 40th Judicial District Court, Div. "C"*

On remand from appellant's second appeal, on December 16, 2015, the trial court resentenced appellant to the Department of Corrections to a term of 24 months, suspended, placed appellant on two (2) years active probation with credit for time served, ordered appellant to do 480 hours of community service, to complete a three-hour accounting course, to pay a $500.00 fine, $314.50 in court costs, restitution in the amount of $10,975.00 with a credit of $2,349.00, a $15.00 per check charge for a total of $45.00 pursuant to La. R.S. 14:71, and $100.00 per month until all restitution was paid.[17]  Appellant appealed.  On her third appeal, this Court affirmed appellant's sentence.[18]

---

[13] Campbell, 173 So.3d at 1258.

[14] This Court found that appellant's conviction was affirmed in her first appeal, and therefore would not reconsider her assignment of error as to the sufficiency of the evidence of her conviction.  Campbell, 173 So.3d at 1259.

[15] Id. at 1260.

[16] Id. at 1261.

[17] State v. Campbell, 16-341 (La. App. 5 Cir. 12/28/16), 210 So.3d 508, 510.

[18] We note that the third appeal opinion affirms appellant's conviction and sentence, but as observed in footnote 14, appellant's conviction was affirmed on her first appeal and the third appeal only concerned appellant's sentence. See Campbell, 210 So.3d at 510; See also court minute entry dated "12/16/2015" in State of Louisiana v. Shondrell Campbell, case no. 10-348, 40th Judicial District Court, Div. "C."

*Trial Court Proceedings before and after the Third Appeal: State of Louisiana*

*v. Shondrell Campbell, case no. 10-348, 40th Judicial District Court, Div. "C"*

Prior to and after the third appeal, the trial court set several proof of payment hearings for appellant in 2016, 2017, 2018, and 2019 to make payments towards her restitution.[19] In 2016, the trial court held nine proof of payment hearings, which revealed appellant only made four payments totaling $450.00.[20] In 2017, the trial court held eleven proof of payment hearings, which revealed appellant made eleven payments totaling $1,100.00. In 2018, the trial court held eleven proof of payment hearings, which revealed appellant made eleven payments totaling $1,050.00. In 2019, the trial court held eight proof of payment hearings, which revealed appellant made eight payments totaling $525.00 with the last minute entry dated August 21, 2019. Based on the limited evidence before the trial court and before this Court, appellant's restitution payments only total $3,075.00 with appellant's last payment being made on August 21, 2019.

*Objection to Candidacy and Petition to Disqualify Hearing August 4, 2020*

At the hearing, Eliana DeFrancesch, Clerk of Court for St. John the Baptist Parish testified regarding appellant's criminal conviction and sentence in State of Louisiana v. Shondrell Campbell, case number 10-348. To keep this record manageable, instead of introducing the file into this record, appellee requested that the trial court take judicial notice of the criminal proceedings in case number 10-348, to which the trial court agreed. Ms. DeFrancesch testified that appellant is one in the same as the defendant in case number 10-348. She testified that appellant was convicted of issuing a worthless check on November 30, 2011, was placed on probation, and was ordered to pay restitution. After speaking to an employee at the

---

[19] See official court minute entries for State of Louisiana v. Shondrell Campbell, case no. 10-348, 40th Judicial District Court, Div. "C."

[20] Appellant failed to appear for two of the proof of payment hearings in 2016 and the trial court issued an attachment and a bench warrant.

District Attorney's Office, Ms. DeFrancesch calculated that appellant still owed $5,011.00 in restitution. On cross-examination, she admitted that she did not have any written documentation with her to show the amount of restitution still due and owing, if any, she only had her testimony. She testified that, according to the trial court minute entries, appellant last appeared on August 21, 2019 to make a restitution payment. On cross-examination, appellant attempted to have Ms. DeFrancesch verify a Department of Public Safety and Corrections document, arguing that it showed that appellant's probation expiration date was October 17, 2014. Although not authenticated, the trial court allowed the document to be admitted into evidence, noting that the document did not state appellant's probation expiration date as alleged by appellant and that Ms. DeFrancesch was not the proper party to verify the document. In response to questions as to whether a probation revocation was ever filed in appellant's criminal case, Ms. DeFrancesch replied that she did not see one in the file, not that one was not filed.

At the trial, appellant testified that she was convicted of one count of issuing worthless checks, conceded that she was ordered to pay restitution as a part of her sentence, and admitted that the restitution has not been paid in full. Appellant was shown her notice of candidacy form and her certification regarding felony convictions, which was admitted into evidence. Appellant requested the trial court take judicial notice of the three appeals involving her criminal felony conviction in case number 10-348, to which the trial court agreed.[21] Appellant argued that the purpose of her appeals was for the trial court to make correct calculations concerning restitution. Appellant argued that this fact is significant in calculating the completion of her sentence in her felony case. She submitted into evidence her conditions of probation to show that the "execution of the two-year sentence was

---

[21] We note that this record does not contain appellant's criminal case number 10-348 nor does this Court have access to the criminal proceedings at issue in this proceeding.

originally sentenced on October the 17th of 2012." She testified that because her probation was "sustained," the expiration of her probation would be "October 17th of 2014." Appellant further testified that there is no evidence to show that probation was extended or that a rule to revoke her probation was filed. In support of her position, appellant also requested the trial court take judicial notice of the transcripts in her criminal case, to which the court agreed.[22]

In closing, appellee argued that December 28, 2016 is the date appellant's conviction and sentence became final and should be the date used to calculate whether five years have elapsed to allow appellant to qualify. Appellee also argued that the payment of restitution was a part of appellant's sentence, and that the uncontested testimony of Ms. DeFrancesch and appellant herself establish the restitution has not been paid in full. Appellee further argued that because the testimony showed appellant's last payment was made in August 2019, five years has not elapsed since the completion of appellant's sentence, and that her sentence is still not complete.

Appellant, in closing, argued that completion of the original sentence, not the conviction is the issue, and because she completed her original sentence (the probation), she should not be disqualified from running for office. As to the court-ordered restitution, she asserted that this was a civil matter under La. C.Cr.P. art. 895.1 and thus, also does not disqualify her from running for office. Appellant further argued that "the two-year probation and the time frame is when these actual appeals was [*sic*] filed was actually after the expiration of the time served on probation" and that the trial court should "consider that there is no vacating of any sentence."

---

[22] While the trial court took judicial notice of other transcripts, those transcripts are not in this record and this Court does not have access to them.

At the conclusion of the hearing, the trial court took the case under advisement. The same day, the trial court issued a judgment granting appellee's objection to candidacy and disqualified appellant from qualifying. In written reasons for judgment, the trial court held:

> The Court finds as a result of the failure to make the ordered restitution the original sentence five years have not elapsed and in fact the sentence has not been completed.
>
> The Court has rejected the other arguments raised by both parties. First the conviction is more than 5 years in the past. Barring a reversal of the trial court on the sentence (here the Court of Appeal only took issue with the amount of restitution) the time computation does not start when the Appeal Court renders a decision, but rather when the sentence was imposed. Ms. Perrilloux's argument that restitution is a civil matter is correct in that a victim may seek to address restitution issues in civil proceedings. But here the restitution was ordered in the sentence imposed and said sentence cannot be said to be complete until the restitution is paid or somehow the requirement is extinguished. Ms. Perrilloux has paid on the restitution owed as recently as August, 2019. Based on that payment one cannot argue that the obligation has been extinguished by operation of law or any delay by the State in attempting to enforce further payment.

On appeal, in several overlapping assignments of error, appellant contends that the trial court erred in granting appellee's objection to candidacy and disqualifying her from qualifying for Justice of the Peace District 6. The issue before this Court is to decide when the calculation date of five years begins for completion of appellant's original sentence for her felony conviction for issuing worthless checks.

**LAW**

Louisiana Constitution Article 1, Section 10.1 (B) provides, in part, that a person convicted of a felony is not prohibited from running for elected office "if more than five years have elapsed since the completion of his original sentence for the conviction."

**Standard of Review**

The issue for review before this Court is purely a legal one. Appellate review of questions of law is simply a review of whether the trial court was legally correct or incorrect. Buford v. Williams, 11-568 (La. App. 5 Cir. 02/14/12), 88 So.3d 540, 545, writ denied, 12-264 (La. 04/27/12), 86 So.3d 630. If a decision is based on a trial court's erroneous interpretation of the law, rather than an exercise of its discretion, it is not entitled to deference. North v. Doucet, 18-437 (La. App. 5 Cir. 08/01/18), 253 So.3d 815, 818, writ denied, 18-1294 (La. 08/03/18), 249 So.3d 829 (citing Nixon v. Hughes, 15-1036 (La. App. 4 Cir. 09/29/15), 176 So.3d 1135, 1137).

**Assignments of Error One and Two**

In assignments of error one and two, appellant asserts that there was insufficient evidence to support the trial court's decision and to support appellee's petition to disqualify candidate because of the lack of authentic and material evidence on record with supporting testimony. Appellant argues that authentic evidence was not provided at the hearing, and that appellee failed to provide documents to support that appellant's sentence did not expire on October 17, 2014. Appellant further argues that she established that her sentence expired on October 17, 2014 by introducing a copy of the Department of Correction Condition of Probation dated October 30, 2012 and her docket information sheet signed by her probation office supervisor, which confirmed expiration of her probation on October 17, 2014.

A review of the record indicates that appellee provided authentic evidence to support the trial court's decision to disqualify appellant. At the hearing, appellee called Eliana DeFrancesch, the St. John the Baptist Parish Clerk of Court, and subpoenaed her to bring appellant's candidacy form and the clerk's file for case number 10-348, State of Louisiana v. Shondrell P. Campbell. The trial court took judicial notice of this criminal proceeding. The St. John the Baptist Parish Clerk of

20-CA-253                                    10

Court's records showed that Ms. Perrilloux was convicted of the felony of issuing worthless checks and her sentence included probation and restitution.

La. R.S. 15:459 provides that:

> Whenever, during the trial of any criminal case, either party may desire to offer in evidence any record, paper or document belonging to the files or records of the court in which the trial is proceeding, the presiding judge shall, at the request of such party, direct the clerk to produce such record, document or paper, in order that the same may be used in evidence; and it shall not be necessary for the clerk in any such case to make a copy of such record, document or paper.

The records on file with the Clerk of Court, which are otherwise admissible in a judicial proceeding, may be introduced into evidence in the form of originals or certified copies and it is unnecessary for the Clerk or Deputy Clerk of Court to personally appear and testify as to the authenticity of such records. State v. Hunter, 551 So. 2d 1381, 1386 (La. Ct. App. 1989); State v. Rowell, 306 So.2d 668 (La. 1975). A judicial record, for the making of which the law provides, makes full proof of itself. State v. Banks, 106 La. 480, 31 So. 53 (1901).

A court may take judicial notice of adjudicative facts, whether requested or not. State in Interest of C.M., 13-128 (La. App. 5 Cir. 10/30/13), 128 So.3d 1118, 1127, writ denied, 2013-2796 (La. 5/30/14), 140 So.3d 1172. This Court had found that the court record is a source whose accuracy cannot reasonably be questioned. Id. The trial court specifically took judicial notice of appellant's criminal record for her felony conviction of issuing worthless checks. Additionally, the Clerk of Court, Ms. DeFrancesch, testified regarding the contents of the file. Based on this law, the trial court properly considered appellant's criminal record as evidence of her sentence, which included restitution, as well as that her last payment was in August 2019 (court minute entries and DeFrancesch testimony) and that full restitution has not been made under her sentence.

Appellant also asserts that her probation ended on October 17, 2014, and that this constitutes the completion of her original sentence. This argument fails for three

reasons. First, appellant did not present authenticated evidence showing the completion of her probation. Second, the unauthenticated evidence on which appellant relies, a document from the Department of Public Safety & Corrections, does not confirm the date of the expiration of her probation. Third, this fails to consider the court-ordered restitution, which as discussed in more detail below, constitutes part of appellant's sentence.

### Assignments of Error Three, Four and Five

In assignments of error three, four and five, appellant asserts that the financial obligation created by restitution should not create a barrier to the offender's successful rehabilitation and re-entry into society, and that offenders who are consistent in their payments and in good faith try to fulfill their financial obligations should be rewarded for their efforts. Appellant argues that her disqualification from candidacy deprives her of the constitutional right to qualify as a candidate. Appellant relies on La. C.Cr.P. art. 875.1, which provides in pertinent part:

A. The purpose of imposing financial obligations on an offender who is convicted of a criminal offense is to hold the offender accountable for his action, to compensate victims for any actual pecuniary loss or costs incurred in connection with a criminal prosecution, to defray the cost of court operations, and to provide services to offenders and victims. These financial obligations should not create a barrier to the offender's successful rehabilitation and reentry into society. Financial obligations in excess of what an offender can reasonably pay undermine the primary purpose of the justice system which is to deter criminal behavior and encourage compliance with the law. Financial obligations that cause undue hardship on the offender should be waived, modified, or forgiven. Creating a payment plan for the offender that is based upon the ability to pay, results in financial obligations that the offender is able to comply with and often results in more money collected. Offenders who are consistent in their payments and in good faith try to fulfill their financial obligations should be rewarded for their efforts.

\* \* \*

E. If a defendant is ordered to make monthly payments under a payment plan established pursuant to the provisions of Subparagraph (D)(1)(b) of this Article, the defendant's outstanding financial obligations resulting from his criminal

conviction are forgiven and considered paid-in-full if the defendant makes consistent monthly payments for either twelve consecutive months or consistent monthly payments for half of the defendant's term of supervision, whichever is longer.

Appellant appears to be arguing that under this provision her outstanding financial obligations resulting from her criminal conviction should be forgiven and considered paid in full because she made consistent monthly payments for either twelve consecutive months and/or consistent monthly payments for half of her probation term. She also seems to assert because her term of supervision has ended and the court-ordered restitution remains outstanding, the balance of the unpaid restitution should be reduced to a civil money judgment and enforced in the same manner as provided for the execution of judgments pursuant to the Code of Civil Procedure.

These issues presented by appellant are not currently before this Court or part of this appeal. The issue on appeal is whether appellant's court-ordered restitution was part of her sentence for the felony conviction of issuing worthless checks, and whether five years have passed since that sentence was completed. In order for the court-ordered restitution to be forgiven or reduced to a civil money judgment, appellant must specifically seek such relief in another proceeding, specifically a proceeding related to her conviction and sentence. Appellant has not done this. As a result, the record reflects that restitution remains outstanding for her November 30, 2011 conviction, and that her last restitution payment was in August 2019.

Based on statutory law and jurisprudence, we find that the court-ordered restitution was part of appellant's sentence for her November 30, 2011 conviction. Louisiana law specifically provides that in all cases in which the court finds an actual pecuniary loss to a victim, the trial court *shall order the defendant to provide restitution to the victim as a part of any sentence* that the court shall impose.

La. C.Cr.P. art. 895.1 provides as follows:

> When a court places the defendant on probation, it shall, as a condition of probation, order the payment of restitution in cases where the victim or his family has suffered any direct loss of actual cash, any monetary loss pursuant to damage to or loss of property, or medical expense. The court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim in an amount certain. However, any additional or other damages sought by the victim and available under the law shall be pursued in an action separate from the establishment of the restitution order as a civil money judgment provided for in Subparagraph (2) of this Paragraph. The restitution payment shall be made, in discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant.

The above clearly requires restitution and considers it to be part of a defendant's sentence. First, the language of C.Cr.P. art. 895.1 indicates that restitution (in an amount that does exceed the victim's actual loss) shall be a condition of the probation. Second, it specifically provides that the victim may seek *additional* damages in a separate civil suit and seek a civil money judgment. Given that the statute expressly provides that any amount in excess of actual damages must be sought in civil suit, it is clear that the court-ordered restitution for the victim's actual loss is statutorily a part of a defendant's sentence.

La. C.Cr.P. art. 883.2, as well as jurisprudence also supports this conclusion. La. C.Cr.P. art. 883.2 states as follows:

> In all cases in which the court finds an actual pecuniary loss to a victim, or in any case where the court finds that costs have been incurred by the victim in connection with a criminal prosecution, the trial court ***shall order the defendant to provide restitution to the victim as a part of any sentence that the court shall impose***. (Emphasis added.)

Appellate courts have also held that the imposition of restitution is considered a part of the defendant's sentence, for which the defendant must be present. State v. Granger, 08-1479 (La. App. 3 Cir. 06/03/09), 11 So.3d 666, 673; State v. Fortier, 03–882 (La. App. 5 Cir. 11/25/03), 862 So.2d 170. In State v. Granger, the Louisiana Third Circuit Court of Appeal relied on State v. Roberts, *supra*, in which the trial

court stated at sentencing that it was "'also grant[ing] Mr. Gary Celestine a judgment in the amount of $28,556.71 against Mr. Roberts.'" Id. at 1016. The defendant appealed, arguing that the trial court did not order restitution as part of his sentence under La. C.Cr.P. art. 883.2. The Third Circuit, relying on La. C.Cr.P. art. 886, held that instead of "making restitution to the victim a part of the defendant's sentence, the trial court ordered restitution in the form of a money judgment." 11 So.3d at 672-73. The Third Circuit found the judgment was improper, vacated it, and remanded the matter for the imposition of restitution as part of defendant's sentence as contemplated by La. C.Cr.P. art. 883.2. Id.

We further believe that the above is further supported by this Court's finding that a trial court's failure to set a determinate payment schedule for restitution payments is patent error requiring that the sentence be vacated and the case remanded for resentencing relative to La. C. Cr. P. arts. 879 and 895.1. State v. Green, 09-309 (La. App. 5 Cir. 11/24/09), 28 So.3d 1105; State v. Echeverria, 03–898 (La. App. 5 Cir. 11/25/03), 862 So.2d 163; State v. Berkeley, 00-1900 (La. App. 5 Cir. 05/30/01), 788 So.2d 647, writ denied, 01-1659 (La. 04/26/02), 814 So.2d 549. Our finding that restitution is part of appellant's sentence is consistent with the law that a defendant's sentence is indeterminate and illegal and must be vacated if the amount of restitution is not a specific amount.

Appellant was still making restitution payments as of August 2019. Considering that the court-ordered restitution is considered by law part of appellant's sentence, and that it continued into 2019, the record reflects that five years have not passed since the completion of her sentence for the November 30, 2011 conviction. Accordingly, we find no error in the trial court's judgment finding appellant is disqualified as a candidate for Justice of the Peace District 6.

**Appellee's Answer Requesting Sanctions**

Having considered appellee's claim for attorney's fees, costs, and damages, as well as all related factors, we find some of the issues raised on appeal to be arguable enough to preclude sanctions.  Accordingly, sanctions are denied.

**DECREE**

For the foregoing reasons, we affirm the trial court's August 4, 2020 judgment granting appellee's objection to candidacy and disqualifying appellant as a candidate for Justice of the Peace District 6.  We further deny the sanctions.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY

CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL

CLERK OF COURT

MARY E. LEGNON

CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ

FIRST DEPUTY CLERK

MELISSA C. LEDET

DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**AUGUST 11, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**20-CA-253**

### E-NOTIFIED
40TH DISTRICT COURT (CLERK)
HONORABLE KIRK A. VAUGHN (DISTRICT JUDGE)
KEVIN P. KLIBERT (APPELLEE)

### MAILED
SHONDRELL PERRILLOUX  (APPELLANT)
1118 MAIN STREET
LAPLACE, LA 70068